**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 3 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

GREGORY VINCENT HUNT,

     Defendant-Appellant.

No. 01-6426
(W.D. Oklahoma)
(D.Ct. No. 01-CR-61-C)

**ORDER AND JUDGMENT**[*]

Submitted on the briefs.[**]

Robert G. McCampbell, United States Attorney, and Susan Dickerson Cox, Assistant United States Attorney, Oklahoma City, Oklahoma, for Plaintiff-Appellee.

John W. Coyle, III, and Gloyd L. McCoy, of Coyle, McCoy & Burton, Oklahoma City, Oklahoma, for Defendant-Appellant.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Before **HENRY**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **HARTZ**, Circuit Judge.

---

A jury convicted Mr. Gregory Hunt of securities forgery and money laundering. The United States District Court for the Western District of Oklahoma sentenced Mr. Hunt to seventy months imprisonment. Mr. Hunt asserts two claims of error on appeal. Exercising jurisdiction under 28 U.S.C. § 1291, we dismiss in part and affirm in part.

**Background**

For almost ten years, Mr. Hunt was general manager of the Orienta Cooperative Association, a grain cooperative in Oklahoma. Orienta's board of directors terminated Mr. Hunt after unexpectedly learning Orienta's bank account was overdrawn. After some investigation, the board concluded Mr. Hunt was diverting Orienta's funds into a personal account and then investing in the commodities market for his own benefit.

A little over a year after Mr. Hunt's termination, a federal grand jury indicted him for sixty-five counts of securities forgery in violation of 18 U.S.C. § 513(a), and forty-one counts of money laundering in violation of 18 U.S.C. § 1957(a). Mr. Hunt pled not guilty to the charges and proceeded to a jury trial.

He argued before the jury he had authority from Orienta to invest the money for its benefit. The jury found Mr. Hunt guilty on all counts.

On appeal, Mr. Hunt argues he received ineffective assistance of counsel at trial. He also argues the district court erred in denying the government's motion to disqualify his trial counsel. We address each argument in turn.

**Ineffective Assistance of Counsel**

Mr. Hunt argues he received ineffective assistance of counsel at trial in violation of the Sixth Amendment. We decline to address this argument. Except in rare circumstances, "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). Ineffective assistance of counsel "claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." *Id.* This rule "encourages development of a record on the tactical reasons for trial counsel's decisions, the extent of trial counsel's alleged deficiencies, and the asserted prejudicial impact on the outcome of the trial." *Beaulieu v. United States*, 930 F.2d 805, 807 (10th Cir. 1991), *overruled on other grounds by Galloway*, 56 F.3d at 1241. Only those "rare claims which are fully developed in the record may be brought ... on direct

appeal." *Galloway*, 56 F.3d at 1242.


Mr. Hunt encourages us to address his ineffective assistance of counsel argument now because "[a]ll the facts necessary for a finding of ineffective assistance of counsel ... are present in the record."[1] We disagree. Our own review of the record convinces us Mr. Hunt's claim was not "fully developed" below. Several arguments in support of Mr. Hunt's ineffective assistance of counsel claim lack adequate support in the record. For example, Mr. Hunt alleges his counsel's psychological problems and lack of white-collar crimial defense experience negatively affected his performance at trial. There is no evidence in the record, however, identifying or explaining his counsel's alleged psychological problems or lack of experience. Mr. Hunt also faults his counsel for lacking a "coherent defense strategy," not giving an opening statement or a "coherent closing argument," and failing to call certain witnesses. His trial counsel has never had an opportunity to defend or explain his conduct. *See Galloway*, 56 F.3d

---

[1] Mr. Hunt also argues the district court ruled the ineffective assistance of counsel claim "is appropriate for appellate review." In addressing Mr. Hunt's motion for release pending appeal, the district court noted an appellate panel could examine Mr. Hunt's claim and conclude there is sufficient evidence "to warrant an ineffective assistance finding or at least the receipt of evidence on that issue." Nevertheless, the district court's analysis was limited to determining whether Mr. Hunt's motion for release should be granted. It therefore has no bearing on our determination of whether Mr. Hunt's claim should be addressed on appeal.

at 1240. Even Mr. Hunt agrees his trial counsel's testimony would be "[i]mportant[]."

Mr. Hunt also believes we should review his ineffective assistance of counsel argument because it "was presented to the trial court in a Motion for New Trial." He claims "[i]t would be a waste of judicial and legal resources to require [him] to refile the same material in the district court and then to have to appeal here again." Mr. Hunt's argument does not persuade us. In denying Mr. Hunt's motion for a new trial, the district court limited its review to evidence already in the record. As discussed above, this evidence is incomplete. Thus, in a collateral proceeding, Mr. Hunt would not be refiling the same material. He would be introducing additional evidence in support of his arguments. This evidence is important. Even if other evidence is unnecessary, "at the very least" Mr. Hunt's counsel should be allowed to "explain [his] reasoning and actions." *Id.* at 1240. Mr. Hunt cannot expect us to forego his trial counsel's testimony simply because he presented the district court with arguments unsupported by evidence in the record.

Mr. Hunt urges us to remand the case to the district court for an evidentiary hearing so he can "present evidence of his counsel's ineffectiveness." We decline

the invitation. We repeat that ineffective assistance of counsel claims should be "presented first to the district court in *collateral proceedings*." *Galloway*, 56 F.3d at 1240 (emphasis added). We will not remand on the direct appeal of a case to allow for further record development or a district court opinion on the ineffective assistance of counsel claim. *Id*. at 1241. Consequently, we dismiss Mr. Hunt's ineffective assistance of counsel claim.

**Motion to Disqualify**

Mr. Hunt also argues the district court erred in denying the government's motion to disqualify his trial counsel. The government moved to disqualify Mr. Hunt's counsel because he had previously represented a government witness at a deposition in a state civil case involving the same underlying facts. The district court denied the motion after determining Mr. Hunt waived his right to conflict-free counsel. Mr. Hunt now claims he "did not knowingly and intelligently waive" his right to conflict-free counsel because the district court did not independently examine his trial counsel about the conflict. Mr. Hunt also claims his waiver was not valid because his trial counsel advised him to waive the conflict so trial counsel could use him as a money source. Finally, Mr. Hunt argues "[d]espite the waiver, the failure to disqualify [trial counsel] was error." We reject each of these arguments and conclude the district court properly denied

the government's motion to disqualify.

The Sixth Amendment grants a defendant the right to an attorney who is "free from conflicts of interest." *Wood v. Georgia*, 450 U.S. 261, 271 (1981). "When defense counsel has previously represented a government witness in a related case, the primary conflict-of-interest concern is that defense counsel may not be able to effectively cross-examine the witness for fear of divulging privileged information." *United States v. Bowie*, 892 F.2d 1494, 1501 (10th Cir. 1990). *See also United States v. Winkle*, 722 F.2d 605, 610 (10th Cir. 1983).

Nevertheless, a defendant may knowingly and intelligently waive the right to conflict-free counsel. *See Holloway v. Arkansas*, 435 U.S. 475, 483 n.5 (1978). The district court should affirmatively participate in a defendant's waiver decision, conducting an independent examination of the defendant to determine if he knowingly and intelligently made the decision to continue with the conflicted counsel. *See Brady v. United States*, 397 U.S. 742, 748 (1970); *Edens v. Hannigan*, 87 F.3d 1109, 1118 (10th Cir. 1996); *Winkle*, 722 F.2d at 611. The district court should also determine whether the defendant understands the facts underlying the conflict and the dangers and risks associated with waiving the conflict. *See Edens*, 87 F.3d at 1118; *Winkle*, 722 F.2d at 611. We review de

novo whether a defendant validly waived the right to conflict-free counsel. *See*

*Selsor v. Kaiser*, 81 F.3d 1492, 1497 (10th Cir. 1996).

Even assuming a defendant validly waives a conflict, the district court is "allowed substantial latitude in refusing waivers of conflicts of interest." *Wheat v. United States,* 486 U.S. 153, 163 (1988). In exercising this discretion, the district court "must recognize a presumption in favor of [the defendant's] counsel of choice." *Id*. at 164. However, the district court may refuse a waiver "not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses." *Id.* at 163. We leave "the facts and circumstances of each case under this standard ... primarily to the informed judgment of the trial court." *Id.* at 164.

In this case, the district court held a hearing on the government's motion to disqualify Mr. Hunt's trial counsel. At the hearing, Mr. Hunt and the government witness both testified Mr. Hunt's counsel previously disclosed the conflict to them and obtained a written waiver from them. Mr. Hunt's counsel submitted this written waiver into evidence. The district court conducted its own examination of Mr. Hunt, instructing him on the nature of the conflict and the dangers associated

with retaining conflicted counsel.  The district court also elicited answers from Mr. Hunt demonstrating he understood the relevant issues.  Finally, the district court inquired whether Mr. Hunt desired to waive his right to conflict-free counsel.  Mr. Hunt repeatedly indicated he wanted to waive this right.

We conclude the evidence presented at the hearing and the district court's examination of Mr. Hunt demonstrates he knowingly and intelligently waived his right to conflict-free counsel.  Although the district court did not independently examine Mr. Hunt's counsel, we have never suggested a district court is required to do so.  While there might be cases where such an examination would be helpful in determining the validity of a waiver, the district court's examination in this case was sufficient to ensure Mr. Hunt understood the relevant circumstances and the likely consequences of his decision.  *See Brady*, 397 U.S. at 748.[2]

Mr. Hunt also claims he did not validly waive the right to conflict-free

---

[2] In a related argument, Mr. Hunt suggests the district court failed in its duty of inquiry by "shift[ing] the responsibility of protecting Mr. Hunt's right to conflict-free representation upon the attorney against whom the conflict was alleged."  We disagree.  We have already concluded the district court fulfilled its duty of inquiry by holding a hearing and conducting an independent examination of Mr. Hunt.  Although the district court gave Mr. Hunt's trial counsel an opportunity to address the government's motion to disqualify, we do not see how this undermines the district court's examination of Mr. Hunt.

counsel because his trial counsel previously borrowed money from him and advised him to waive the conflict so he could have "a potential money source ... readily available." In order to discourage Mr. Hunt from changing attorneys, Mr. Hunt also claims his trial counsel advised him the trial would continue on the scheduled date even if he did not waive the conflict. We conclude the record does not support Mr. Hunt's assertions. Although Mr. Hunt's wife submitted affidavit testimony indicating Mr. Hunt's trial counsel asked him for money, there is no evidence in the record indicating Mr. Hunt actually lent his counsel any money. There is also no evidence indicating what advice, if any, Mr. Hunt's counsel gave him concerning the trial date. As a result, Mr. Hunt's allegations fail to persuade us he did not knowingly and intelligently waive his right to conflict-free counsel.

Even assuming Mr. Hunt's allegations are true, we still conclude Mr. Hunt validly waived his right to conflict-free counsel. Mr. Hunt's trial counsel disclosed the conflict and obtained a written waiver from Mr. Hunt roughly five months before he allegedly asked Mr. Hunt for money or told Mr. Hunt the trial would not be postponed if he selected a new lawyer. Mr. Hunt does not argue the disclosure he received or the waiver he signed was inadequate or defective. In fact, Mr. Hunt testified at the disqualification hearing he still "agreed" to the

waiver. In addition, Mr. Hunt heard testimony at the disqualification hearing about the nature of the conflict from the government witness his counsel previously represented. The district court also thoroughly explained the circumstances underlying the conflict, the dangers and risks associated with waiving the conflict, and the right possessed by Mr. Hunt to conflict-free counsel. In response, Mr. Hunt confirmed his awareness of his right to conflict-free counsel and the danger associated with waiving this right. He also affirmed his desire to waive this right and to have his trial counsel continue to represent him. After reviewing the record, we are still convinced, under the totality of the circumstances, Mr. Hunt knowingly and intelligently waived his right to conflict-free counsel. *See United States v. Migliaccio*, 34 F.3d 1517, 1527-28 (10th Cir. 1994).[3]

Lastly, Mr. Hunt argues, even if his waiver was knowing and voluntary, "[t]he district court's decision to accept Mr. Hunt's 'waiver' [was] not justified." We disagree. After reviewing the evidence discussed above, we conclude the

---

[3] Mr. Hunt also suggests the conflict presented by his trial counsel's previous representation of a government witness is one that cannot be validly waived. We disagree. We have repeatedly recognized a defendant may waive his right to conflict-free counsel where his attorney previously represented a government witness. *See, e.g., Church v. Sullivan*, 942 F.2d 1501, 1512 (10th Cir. 1991); *Bowie*, 892 F.2d at 1502; *Winkle*, 722 F.2d at 611-12.

district court acted within the "substantial latitude" we must afford it in accepting Mr. Hunt's waiver. *See Wheat,* 486 U.S. 163. In further support of this conclusion, we also note the district court had reason to believe an actual conflict would not arise. At the hearing, the government witness, with independent counsel present, testified he waived his attorney-client privilege with respect to Mr. Hunt's counsel's previous representation of him. This would appear to alleviate the conflict at issue, rendering Mr. Hunt's waiver argument irrelevant. *See Bowie*, 892 F.2d at 1502 ("Of course, if the witness waives his attorney-client privilege, then any potential conflict is removed."). Under these circumstances, we conclude the district court was well within the bounds of its discretion in accepting Mr. Hunt's waiver.

In sum, we conclude the district court correctly determined Mr. Hunt waived his right to conflict-free counsel. Furthermore, the district court did not err in denying the government's motion to disqualify Mr. Hunt's trial counsel.

**Conclusion**

For the reasons stated above, we **DISMISS** Mr. Hunt's claim of ineffective assistance of counsel. We **AFFIRM** the district court's decision denying the

government's motion to disqualify Mr. Hunt's counsel.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge