**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 4, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　Plaintiff-Appellee**,**

v.

KRIS SMITH,

　　　Defendant-Appellant**.**

No. 07-1044

(D.C. No. 05-CR-502-F)

(D. Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE** and **LUCERO**, Circuit Judges, and **BRIMMER**, District Judge.[**]

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Defendant Kris A. Smith ("Defendant") appeals the district court's denial

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] The Honorable Clarence A. Brimmer, United States District Judge for the District of Wyoming, sitting by designation.

of her Motion for New Trial after she was convicted of three counts of making false statements on a federal income tax return and one count of failing to file a federal income tax return. The district court held that her Motion for New Trial was untimely under Fed. R. Crim. P. 33, collateral estoppel did not bar the prosecution of Defendant, and Defendant failed to show ineffective assistance of counsel. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

I.

On August 4, 2006, following a five-day trial, a jury convicted Defendant of three counts of making false statements on a federal income tax return, in violation of 26 U.S.C. § 7206(1), and one count of failing to file a federal income tax return, in violation of 26 U.S.C. § 7203. On December 22, 2006, Defendant filed a Motion for New Trial, arguing that collateral estoppel and ineffective assistance of counsel warranted a new trial. The government responded on January 3, 2007, arguing that the motion was untimely under Fed. R. Crim. P. 33(b)(2). Defendant filed a reply on January 4, 2007, contending that, under Fed. R. Crim. P. 45(b)(1)(B), she had "good cause" for failing to file a timely motion, and the untimeliness was the result of "excusable neglect."

At the sentencing hearing on January 23, 2007, the district court heard oral argument on Defendant's motion. The court denied the motion, holding:

> I am going to deny the Motion for New Trial under both grounds. It was untimely filed and may well be premature for purposes under Section 2255. But under Rule 33(a) it was filed too late. And, also

2

on the merits, I do believe that the fact that she -- whether or not she was a victim of mail fraud, as claimed, the Government is bound to accept as not necessarily foreclosing her being guilty of tax fraud.

Sentencing Hearing Tr., ROA, Vol. III, at 959.

Defendant then filed the instant appeal. On appeal, Defendant only challenges the district court's determinations regarding collateral estoppel and ineffective assistance of counsel. Defendant contends that, because the government proved in a prior prosecution that she was a victim of mail, wire, and tax fraud, see United States v. Anderson, Case No. 02-CR-00423 (W.D. Wash.), aff'd in part, 472 F.3d 662 (9th Cir. 2006), the government was collaterally estopped from prosecuting her as a "willful perpetrator" in the same tax fraud scheme. Defendant further contends that her trial counsel was ineffective by failing to raise and present evidence to support this collateral estoppel defense, and in failing to adduce exculpatory evidence from the prior prosecution that would have refuted the government's evidence of willfulness. Defendant does not appeal the district court's determination that her Motion for New Trial was untimely. On September 28, 2007, this court issued an Order to Show Cause, directing Defendant to show cause "why the court should not dismiss her appeal for failure to challenge the district court's determination that her Motion for New Trial was untimely under Fed. R. Crim. P. 33." Order to Show Cause, at 1-2. Defendant responded by requesting "a limited remand to the district court for the purpose of addressing the ineffective assistance of counsel claim premised on

3

jurisdiction pursuant to 28 U.S.C. § 2255 . . . ."  Defendant's Response, at 2.  The government has agreed to Defendant's request.

II.

Because the district court's untimeliness determination was dispositive, and Defendant fails to challenge it on appeal, we affirm the district court's denial of Defendant's Motion for New Trial.  Generally, "[w]e review the denial of a motion for a new trial under the abuse of discretion standard."  United States v. Gwathney, 465 F.3d 1133, 1144 (10th Cir. 2006).  Under the Federal Rules of Criminal Procedure, "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty."  Fed. R. Crim. P. 33(b)(2).  If a party fails to move for a new trial within this time period, "the court on its own may extend the time, or for good cause may do so on a party's motion made: . . . (B) after the time expires if the party failed to act because of excusable neglect."  Fed. R. Crim. P. 45(b)(1)(B).

By failing to challenge the district court's untimeliness determination, Defendant has waived the issue on appeal.  See United States v. Black, 369 F.3d 1171, 1176 (10th Cir. 2004) ("Failure to raise an issue in the opening appellate brief waives that issue."); United States v. Abdenbi, 361 F.3d 1282, 1289 (10th Cir. 2004) ("[E]ven an issue raised before the district court is waived if it is not adequately developed on appeal." (citing Dubbs v. Head Start, Inc., 336 F.3d

4

1194, 1202 n.4 (10th Cir. 2003))).  Moreover, the district court's untimeliness determination was dispositive as to Defendant's Motion for New Trial, and the untimeliness issue remains dispositive on appeal, so we need not address Defendant's collateral estoppel or ineffective assistance of counsel claims.  See United States v. Johnson, 994 F.2d 740, 742 (10th Cir. 1993) ("Because this issue appears dispositive, we address it only.").

Arguably, if Defendant had contested the district court's untimeliness determination, an alleged ineffective assistance of counsel might have provided Defendant with "good cause" and/or "excusable neglect" under Fed. R. Crim. P. 45(b)(1)(B).  Indeed, Defendant made this exact argument in her Reply Brief to the district court.  Defendant, however, has not raised this issue on appeal, and Defendant's ineffective assistance of counsel claim does not automatically negate the district court's untimeliness determination.[1]

---

[1] This rule will not prejudice criminal defendants' ability to bring ineffective assistance of counsel claims.  Even if almost all ineffective assistance of counsel claims will be untimely under Fed. R. Crim. P. 33(b)(2), defendants can still raise them on collateral review under 28 U.S.C. § 2255, and as we have explained, collateral review is almost always the proper course for such claims:

> The rule in this circuit, then, is that claims of constitutionally ineffective counsel should be brought on collateral review, in the first petition filed under 28 U.S.C. § 2255.  Some rare claims which are fully developed in the record may be brought either on direct appeal or in collateral proceedings.  No procedural bar will apply to claims which could have been brought on direct appeal but were brought in post-conviction proceedings instead.

(continued...)

5

Defendant requests that, rather than affirming the district court's decision and dismissing her appeal, we remand the case to the district court to allow her to present her ineffective assistance of counsel claim pursuant to 28 U.S.C. § 2255. We decline to do so. In response to a similar request, we have explained:

> Mr. Hunt urges us to remand the case to the district court for an evidentiary hearing so he can "present evidence of his counsel's ineffectiveness." We decline the invitation. We repeat that ineffective assistance of counsel claims should be "presented first to the district court in collateral proceedings." We will not remand on the direct appeal of a case to allow for further record development or a district court opinion on the ineffective assistance of counsel claim. Consequently, we dismiss Mr. Hunt's ineffective assistance of counsel claim.

United States v. Hunt, 62 F. App'x 272, 275 (10th Cir. 2003) (quoting and citing United States v. Galloway, 56 F.3d 1239, 1240-41 (10th Cir. 1995) (en banc)) (emphasis omitted).

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[1](...continued)

United States v. Galloway, 56 F.3d 1239, 1242 (10th Cir. 1995) (en banc); see also Massaro v. United States, 538 U.S. 500, 504-09 (2003).