NOT RECOMMENDED FOR PUBLICATION
File Name: 16a0445n.06

No. 15-1797

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Aug 02, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| DARRELL JOHNSON, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

**BEFORE: GILMAN, WHITE, and STRANCH, Circuit Judges**

**HELENE N. WHITE, Circuit Judge.** Darrell Johnson was convicted of being a felon

in possession of a firearm, 18 U.S.C. § 922(g)(1), and sentenced to 180 months' imprisonment as

an armed career criminal. He appeals his conviction and sentence, arguing that (1) the

government presented insufficient evidence that he possessed a firearm, (2) he received

ineffective assistance of counsel at trial, and (3) his sentence should be vacated in light of

*Johnson v. United States*, 135 S. Ct. 2551 (2015). For the following reasons, we **AFFIRM**

Johnson's conviction, but **REMAND** for resentencing.

**I.**

Johnson was charged in a single-count indictment with being a felon in possession of a

firearm in violation of 18 U.S.C. § 922(g)(1). The jury was unable to reach a unanimous verdict

at Johnson's first trial, and the district court declared a mistrial.

Officer James Murphy testified at the retrial that, during his investigation of an unarmed

robbery believed to have been perpetrated by Johnson, he discovered that Johnson drove a black

SUV with a license plate registered to him at 19470 Winston Street in Detroit, MI.[1] Murphy, along with Officers Adam Szklarski and Sean Hockradel, drove to the address and spoke with Johnson and his girlfriend, Crystal Cooper. While at the residence, Murphy verified that Johnson's identification listed 19470 Winston Street as his residence.

When the officers told Johnson and Cooper that they would be taken to the police station, Cooper told the officers that she needed to grab a pair of shoes. Szklarski testified that he escorted Cooper upstairs to retrieve her shoes from the bedroom. While upstairs, Szklarski observed three bedrooms. Cooper retrieved her shoes from a room containing two dressers and a bed, which was unmade and covered in clothing. Once back downstairs, the three officers, along with Johnson and Cooper, exited the home, locked the doors, and drove to the police station. Officer Matthew Fulgenzi testified that he spoke directly with Johnson at the station and that Johnson verified that he lived at 19470 Winston Street with Cooper.[2]

The following day, roughly 32 hours after Johnson and Cooper were arrested, officers executed a search warrant at the Winston Street residence. Three officers present during the execution of the search warrant—Fulgenzi, Officer Lynn Moore, and Officer Jeffrey Banks— testified at trial. After clearing each floor and finding no threats, Moore and Banks proceeded upstairs to search for items from the unarmed robbery.

Moore and Banks began searching the bedroom from which Cooper had retrieved her shoes the day before. The officers testified that male clothing was strewn throughout the

---

[1] On appeal, Johnson argues that the SUV was registered at a different address, but provides no record support for this assertion. At trial, the parties did not dispute whether Johnson resided at 19470 Winston Street, but rather which bedroom Johnson and his girlfriend occupied in the Winston Street residence.

[2] Fulgenzi also stated that he conducted a LIEN search prior to executing a search warrant the following day and that the search revealed that Johnson was registered at the 19470 Winston Street address.

bedroom. Banks opened the top drawer of the bedside dresser and discovered a loaded .357 Magnum revolver resting atop male clothing. Moore then went downstairs to alert Fulgenzi that Banks had discovered a firearm. Fulgenzi instructed Moore to recover the weapon because he knew that Johnson was a convicted felon.

Fulgenzi testified that he then walked to the upstairs bedroom to further investigate, and observed that the dresser drawer from which the firearm had been retrieved contained several articles of male clothing. Fulgenzi believed that the clothing belonged to Johnson because it appeared to be his size. Fulgenzi also recovered a picture of Johnson displayed on the dresser across from the bed, as well as two pieces of mail next to that picture.[3] One piece of mail was addressed to Johnson, but at 19954 Sorrento rather than 19470 Winston Street.[4] The other piece of mail was addressed to Cooper at 19470 Winston Street, but Johnson's name also appeared on the document inside the envelope, and he was referenced as the claimant on that document.

The officers testified that the house had two other bedrooms, one of which was a child's bedroom. As to the third bedroom, Moore could not recall what was in it; Banks testified that the room contained a bed, men's and women's clothing, and furniture; and Fulgenzi testified that there were some items in the bedroom but that the home appeared to be solely occupied by Johnson, Cooper, and some children.

After the government rested, Cooper testified that when the search warrant was executed, she was living at 19470 Winston Street with Johnson, Jessica Short (Cooper's sister), and Haley Johnson (Cooper's daughter). Cooper confirmed that she shared a bedroom upstairs with

---

[3] Moore testified that he witnessed this same picture within the bedroom.
[4] Fulgenzi referenced the Secretary of State database and verified that in February 2013 Johnson was registered at 19954 Sorrento. In September 2013, seven months prior to the execution of the search warrant, Johnson renewed his driver's license and listed 19470 Winston Street as his address.

Johnson, but stated that it was down the hall from the bedroom from which the firearm was recovered. She also testified that Szklarski did not escort her upstairs to retrieve her shoes, that Short occupied the bedroom where the firearm was discovered, and that the firearm must have been owned by Short or one of her friends. Cooper stated that Short was given a house key shortly after moving in and was free to come and go as she pleased. Cooper also identified documents belonging to Short that were recovered from the Winston Street residence.

The defense then called Mark McHale, Short's boyfriend around the time of the search. He testified that Short occupied the bedroom where the firearm was discovered, and that Johnson and Cooper occupied a bedroom together down the hall. McHale denied any knowledge about a gun. Finally, the defense called Johnson's brother-in-law, Harley Cummings, who mowed the lawn at the Winston Street residence twice a month. He testified that Johnson, Cooper, Cooper's daughter, and Short lived at the residence together, and that he often saw Short there while he was mowing the lawn.

The jury returned a verdict of guilty on December 4, 2014. Twelve days later, Johnson filed a renewed motion for judgment of acquittal under Federal Rule of Criminal Procedure 29 based on insufficient evidence. Johnson subsequently replaced his counsel. The district court then set a briefing schedule, ordering Johnson to file a supplemental brief on his renewed motion for judgment of acquittal by April 3, 2015. On April 3, 2015, four months after the jury verdict and more than two months after substitution of counsel, Johnson supplemented his motion for judgment of acquittal and, in the alternative, filed a motion for new trial pursuant to Federal Rule of Criminal Procedure 33. Johnson again argued that there was insufficient evidence to sustain his conviction and, for the first time, requested a new trial due to ineffective assistance of counsel. The district court denied Johnson's motion without a hearing. The district court found

that the evidence was sufficient for a rational juror to conclude beyond a reasonable doubt that Johnson constructively possessed the firearm. The district court also rejected Johnson's ineffective-assistance claims because the motion for new trial was untimely, noting that Johnson had provided no explanation for his delay in filing the motion. Alternatively, the district court rejected the ineffective-assistance claims on the merits because they were contradicted by the record.

Johnson was sentenced as an armed career criminal to the mandatory minimum term of 180 months' imprisonment. Johnson never contested his classification as an armed career criminal, and thus the district court made no finding regarding which predicate offenses it relied on. Johnson now appeals.

## II.

## A.

Johnson first argues that the government presented insufficient evidence of his guilt. A conviction is supported by sufficient evidence if, after viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *United States v. Henry*, 797 F.3d 371, 376 (6th Cir. 2015). Issues of credibility must be resolved in favor of the jury's verdict, *United States v. Collins*, 799 F.3d 554, 589 (6th Cir. 2015) (quoting *United States v. Salgado*, 250 F.3d 438, 446 (6th Cir. 2001)), and every reasonable inference must be drawn in favor of the government, *United States v. Cecil*, 615 F.3d 678, 691 (6th Cir. 2010) (quoting *United States v. Woods*, 877 F.2d 477, 479 (6th Cir. 1989)). "A defendant challenging the sufficiency of the evidence 'bears a very heavy burden.'" *Collins*, 799 F.3d at 589 (quoting *United States v. Davis*, 397 F.3d 340, 344 (6th Cir. 2005)).

Here, because the parties stipulated that Johnson was a convicted felon and the recovered firearm had traveled in or affected interstate commerce, the only issue at trial was whether Johnson possessed the firearm. *See* 18 U.S.C. § 922(g)(1). Actual or constructive possession is sufficient to give rise to criminal liability under § 922(g)(1). *United States v. Campbell*, 549 F.3d 364, 374 (6th Cir. 2008). Constructive possession is established in the absence of physical possession if the defendant "knowingly has the power and intention at a given time to exercise dominion and control over an object, either directly or through others." *Id.* (quoting *United States v. Grubbs*, 506 F.3d 434, 439 (6th Cir. 2007)). "[T]he element of possession can be proven by either direct or circumstantial evidence." *Grubbs*, 506 F.3d at 439.

We have found sufficient evidence of constructive possession of a firearm in situations where the defendant exercises dominion over the premises where the firearm is located, such as a bedroom. *See United States v. Hadley*, 431 F.3d 484, 507-08 (6th Cir. 2005); *United States v. Kincaide*, 145 F.3d 771, 782 (6th Cir. 1998); *United States v. Clemis*, 11 F.3d 597, 599-601 (6th Cir. 1993). Johnson argues that there was insufficient evidence to show that he maintained dominion and control over the bedroom containing the firearm because it was Short's bedroom, rather than his, and there was no evidence that he was aware of the firearm's presence. We disagree.

Three officers testified that male clothing was strewn throughout the room, and was in the drawer in which the firearm was discovered. Fulgenzi further testified that the clothing in the room appeared to be Johnson's size. Szklarski testified that when he escorted Cooper to retrieve her shoes, she led him to the bedroom where the firearm was discovered, and Cooper confirmed that she shared a bedroom with Johnson. Additionally, Fulgenzi recovered a picture of Johnson alongside an unidentified adult male displayed on the dresser and two pieces of mail, one

addressed to Johnson, the other addressed to Cooper. The document addressed to Cooper referenced Johnson as the claimant, and his name was printed on the document itself. Drawing all reasonable inferences in the government's favor, a rational trier of fact could conclude that Johnson occupied the bedroom where the firearm was recovered, and that the firearm was located in his dresser on top of his clothing. Accordingly, a rational trier of fact could find that Johnson constructively possessed the firearm. *See United States v. Harris*, 443 F. App'x 111, 114-16 (6th Cir. 2011) (affirming a felon-in-possession conviction where the government presented evidence that firearms were found in a bedroom containing mail addressed to the defendant and clothing and shoes that appeared to belong to an adult male); *United States v. Malone*, 308 F. App'x 949, 952 (6th Cir. 2009) ("This court has repeatedly and frequently held that constructive possession may be shown to exist if the contraband is found in a defendant's bedroom or personal living space."); *United States v. Layne*, 192 F.3d 556, 572 (6th Cir. 1999) (holding that the discovery of a firearm in a dresser by the defendant's bed sufficed to show constructive possession).

Johnson also argues that Short remained in the home after Johnson and Cooper were initially arrested, had unrestricted access to the drawer, and "maintained free roam and dominion within all areas of and containers within the property, including the location in which the firearm was eventually located." (Appellant's Br. at 13.) It is unclear, based on the record, if Short was in the home between the arrest and search. In any event, the law does not require evidence demonstrating that Johnson was the only person with access to the drawer. *See United States v. Craven*, 478 F.2d 1329, 1333 (6th Cir. 1973), *abrogated on other grounds by Scarborough v. United States*, 431 U.S. 563 (1977). Because a rational trier of fact could find that Johnson constructively possessed the firearm based upon the evidence presented, it is immaterial if Short

or Cooper could have accessed or possessed the firearm as well. *See Malone*, 308 F. App'x at 954 ("Neither is it material that other adults had access to the residence and may have had the same power to exercise control over the firearms that [the defendant] had. Constructive possession may be either sole or joint. The fact that [another individual], too, had access to the firearms fails to negate the inference that [the defendant] did as well. The law recognizes the possibility of joint possession." (quoting *United States v. Kitchen*, 57 F.3d 516, 521 (7th Cir. 1995))); *Hadley*, 431 F.3d at 507 ("At a minimum, then, the evidence would have permitted the inference that Defendant had constructive possession, if perhaps only jointly with his wife, over a weapon kept in the couple's bedroom.").

Finally, Johnson's reliance on *United States v. Lowe*, 795 F.3d 519 (6th Cir. 2015), is misplaced. *Lowe* dealt with child pornography recovered from a shared laptop. The files were stored in a peer-to-peer file-sharing program, and temporarily in the laptop's "downloads" folder and recycling bin, locations that the court reasoned would not make it obvious to any user of the laptop that child pornography was stored there. *Id*. at 524-25. The court acknowledged that a reasonable juror could infer that a defendant knows about pornography stored in his personal files, but because the child pornography was found in inconspicuous locations other than the defendant's personal folders, the court held that no reasonable juror could conclude that the defendant knowingly received, possessed, and distributed the child pornography. *Id.* In contrast, although the firearm here was discovered within a shared residence, it was in Johnson's bedroom, on top of his clothes, in his dresser. To the extent that analogizing to a laptop is appropriate at all, Johnson's bedroom and dresser would be akin to a personal folder on a laptop. Accordingly, *Lowe* does not support a contrary result.

In sum, the evidence presented against Johnson was sufficient to support his conviction.

**B.**

Johnson also argues that the district court erred in denying his motion seeking a new trial based on the ineffectiveness of his trial counsel. We review the denial of a Rule 33 motion for abuse of discretion. *United States v. Munoz*, 605 F.3d 359, 366 (6th Cir. 2010). Johnson does not argue that his motion for new trial is grounded in the discovery of new evidence; thus, he was required to file his motion within fourteen days after the verdict. *See* Fed. R. Crim. P. 33(b)(2); *Munoz*, 605 F.3d at 367 & n.3.

The government argued to the district court that Johnson's motion for new trial was untimely because it was filed four months after the jury verdict. Johnson did not respond, and the district court accordingly denied the motion for new trial on timeliness grounds, explaining that "Johnson has provided no explanation or justification for why he filed his Rule 33 motion so late." (R. 82: Op. & Order, PID 1198 n.2.) Johnson failed to mention this issue in his opening brief, and, even though the government again argued on appeal that Johnson's motion was untimely, Johnson declined to address this issue in his reply brief. Accordingly, Johnson has waived this argument, *see Kuhn v. Washtenaw County*, 709 F.3d 612, 624 (6th Cir. 2013), and we affirm the district court's denial of his motion for new trial, *see United States v. Smith*, 311 F. App'x 82, 84 (10th Cir. 2008) ("[T]he district court's untimeliness determination was dispositive as to Defendant's Motion for New Trial, and the untimeliness issue remains dispositive on appeal . . . .").

Because the district court alternatively addressed the merits of Johnson's ineffective-assistance claims, we briefly address them as well. As the district court recognized, we typically will not entertain ineffective-assistance claims on direct appeal, generally preferring to defer those issues to collateral review where a record can be fully developed. *See United States v.*

*Levenderis*, 806 F.3d 390, 401 (6th Cir. 2015). Nonetheless, the district court addressed Johnson's claims and denied them because they were contradicted by the record.

To prevail, Johnson must establish that counsel's performance was deficient and that he suffered prejudice as a result of counsel's deficient performance. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). Johnson argues that his trial counsel was deficient for (1) permitting a copy of Short's tax document to be presented at trial that was redacted to omit Short's listed residence; (2) failing to challenge testimony that the black SUV Johnson was driving during the investigation was registered to the Winston Street residence; and (3) failing to investigate or call Short as a witness.

As the district court found, Johnson's first claim is contradicted by the record; defense counsel did object when the district court admitted a tax form that redacted Short's Winston Street address. Regarding Johnson's second claim, which was not presented to the district court, there is no record evidence that the black SUV was registered to the Sorrento address, rather than to Winston Street. More importantly, Johnson's residence was not in dispute at trial: Johnson told the officers that he lived at the Winston Street residence; his identification listed that address; and Cooper testified that he lived there. Even assuming that the SUV was still registered at the Sorrento address, it is difficult to imagine how this could have undermined the government's case.

Johnson's third claim is neither adequately supported by, nor necessarily contradicted by, the record. With the exception of the brief exchange between Johnson's counsel and Cooper noted by the district court, where Cooper testified that Johnson's counsel had asked her to locate Short for Johnson's case, there is nothing in the record regarding Short's absence from trial. Johnson's defense depended upon the jury finding that Short not only resided at 19470 Winston

Street, but that she also occupied the bedroom where the firearm was recovered, placing Johnson and Cooper in the bedroom down the hall. The record sheds no light on the testimony Short might have provided at trial, nor does it reveal any reason why Johnson's counsel failed to locate or call her as a witness. Because the record is insufficient to determine whether there is merit to Johnson's claim that counsel's failure to investigate Short as a potential witness constituted ineffective assistance, our affirmance of the district court's judgment is without prejudice to Johnson bringing this claim on collateral review. *See United States v. Allen*, 254 F. App'x 475, 478-79 (6th Cir. 2007).

## C.

Lastly, Johnson argues that his case should be remanded to the district court for resentencing in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act is unconstitutionally vague. The government agrees. At sentencing, Johnson never contested his status as an armed career criminal, and therefore neither the Presentence Report nor the district court identified which of Johnson's prior convictions were used as predicates to make the armed-career-criminal determination. Because the district court made no findings regarding which offenses it relied upon to classify Johnson as an armed career criminal, and both parties agree that resentencing is necessary, we vacate Johnson's sentence and remand for resentencing.

## III.

For these reasons, we **AFFIRM** Johnson's conviction but **REMAND** for resentencing.