48 F.3d 1222
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Jesus R. RIVERA, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-1596.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 2, 1995.[1]
Decided March 6, 1995.
 
 Before POSNER, Chief Judge, and CUMMINGS and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Jesus R. Rivera plead guilty pursuant to a plea agreement of conspiracy to distribute cocaine in violation of 21 U.S.C. Sec. 846, and was sentenced to 97 months' imprisonment. He did not appeal his sentence. He now attacks his sentence under 28 U.S.C. Sec. 2255.
 
 
 2
 Pursuant to a plea agreement, the government sought a downward departure for petitioner's substantial assistance to authorities. U.S.S.G. Sec. 5K1.1. The sentencing judge denied the downward departure. Even if Rivera could overcome the procedural bar for failure to directly appeal his sentence, Wainwright v. Sykes, 97 S.Ct. 2497 (1977),[2] we lack jurisdiction to review the extent of a downward departure from an otherwise lawful sentence. Bischel v. United States, 32 F.3d 259, 265 (7th Cir.1994).
 
 
 3
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [2]
 Petitioner makes no attempt to explain why he failed to file a direct appeal