NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 18, 2007
Decided July 19, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 06-4390

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois |
| *v.* | |
| | No. 01-20072-001 |
| NATASHA ADAMS, *Defendant-Appellant.* | Michael P. McCuskey, *Chief Judge.* |

**O R D E R**

Natasha Adams began serving a term of supervised release in 2006 after being convicted of possession with intent to distribute cocaine. *See* 21 U.S.C. § 841(a)(1). She was arrested less than a year after her supervision began because she tested positive for marijuana and refused to participate in the drug-treatment program imposed as one of the conditions of her release. At her revocation hearing, Ms. Adams admitted that she possessed and used marijuana and ceased drug treatment without permission. The district court revoked her release, re-imprisoned her for 5 months (the low end of the range called for by the policy statements in the guidelines), and imposed an additional 2 years of supervised release.

Ms. Adams now appeals, but her appointed counsel has moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he cannot discern a nonfrivolous argument on appeal. We invited Ms. Adams to respond, *see* Cir. Rule 51(b), but she has not done so. We will consider only those potential issues mentioned in counsel's facially adequate brief. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997)(per curiam).

Counsel first discusses whether Ms. Adams could challenge the voluntariness of her admissions to the violations. The voluntariness of admissions made at a revocation hearing is assessed by examining the totality of the circumstances, including whether the defendant understands the charges against her and the possible sentence. *United States v. LeBlanc*, 175 F.3d 511, 517 (7th Cir. 1999). The district court read the charges to Ms. Adams at the revocation hearing, and she said that she understood them. She was also informed that the recommended reimprisonment range was 5 to 11 months, and she told the court that she had not been forced or threatened into admitting the violations. Furthermore, counsel tells us that Ms. Adams does not want to withdraw her admissions. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002). For these reasons it would be frivolous for Adams to argue that those admissions were involuntary.

Counsel next considers whether Ms. Adams could challenge her term of reimprisonment and her new term of supervised release. We agree with counsel that any challenge to the calculation of the recommended reimprisonment range would be frivolous. The court classified Ms. Adams's violations as Grade C——the least serious grade of violation under the policy statements. *See* U.S.S.G. § 7B1.1(a)(3); *United States v. Salinas*, 365 F.3d 582, 589 (7th Cir. 2005). The court also correctly determined that her criminal history category in the underlying offense was III and that the resulting reimprisonment range was 5 to 11 months. *See* U.S.S.G. § 7B1.4(a).

According to counsel, Ms. Adams nonetheless thinks that the district court failed to apply U.S.S.G. § 7B1.3(c)(2). That policy statement says that, if the defendant's minimum term of reimprisonment as calculated under § 7B1.4 is between 1 and 6 months, "the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention . . . for any portion of the minimum term." U.S.S.G. § 7B1.3(c)(2). Ms. Adams apparently thinks that this provision means that the court can impose a term of supervised release only if it makes community confinement or home detention a condition of that release and reduces the term of reimprisonment accordingly. Because the court did not do this, she says, it was not authorized under the policy statements to impose a new term of supervised release. But Ms. Adams's

interpretation of this policy statement is wrong. The provision means that if the court wants to impose less time in prison than the recommended minimum term it should make community confinement or home detention a condition of the defendant's supervised release as a substitute for the unserved portion of the minimum term. It does not mean that supervised release may not be imposed unless it is done as part of a plan to substitute community confinement or home detention for part of a defendant's prison term.

Counsel next says that Ms. Adams wants to argue that her 5-month term of reimprisonment as combined with her 2-year term of supervised release is unlawful because together the terms exceed the 2-year statutory maximum term of reimprisonment that applies to her. This potential argument would be frivolous. By its terms the 2-year statutory maximum applies only to reimprisonment, not to supervised release. 18 U.S.C. § 3583(e)(3). The statute includes a separate provision specifying the maximum terms of supervised release that may be imposed. *Id.* § 3583(h). As counsel correctly points out, neither one of these maximum terms was exceeded in Ms. Adams's case. *See* 18 U.S.C. §§ 3559(a)(3); 3583(e)(3), (h); 21 U.S.C. § 841(b)(1)(C).

Counsel also informs us that Ms. Adams wants to challenge the special condition of her supervised release requiring her to undergo mental-health counseling and take any medications that her doctors prescribe. This potential argument would also be frivolous given that Ms. Adams asked her probation officer to provide her with psychiatric counseling after admitting that she suffered from depression. *See United States v. Wilson*, 154 F.3d 658, 667 (7th Cir. 1998)(upholding a similar provision for a defendant with a history of mental-health problems).

Finally, counsel considers whether Ms. Adams could argue that her term of reimprisonment and her term of supervised release were unreasonable. We agree with counsel that any such argument would be frivolous. The district court considered the policy statements in the guidelines, including the recommended reimprisonment range, and the factors in 18 U.S.C. § 3553(a), including the nature of Ms. Adams's violations, her high-school record, and her need for substance-abuse counseling. *See United States v. Carter*, 408 F.3d 852, 854 (7th Cir. 2005); *Salinas*, 365 F.3d at 588-89.

For the above reasons, we GRANT counsel's motion and DISMISS the appeal.