NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0255n.06

No. 10-4456

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

     v.

ACAMIE S. SALTER,

     Defendant-Appellant.

**FILED**

**Apr 20, 2011**

LEONARD GREEN, Clerk

On Appeal from the United States District Court for the Southern District of Ohio at Columbus

---

**Before:** **GUY, COOK, and STRANCH, Circuit Judges.**

**RALPH B. GUY, JR., Circuit Judge**.  Defendant Acamie S. Salter was initially sentenced to probation for crimes involving counterfeit obligations.  After she violated the terms of her probation, the district court revoked Salter's probation and sentenced her to a period of incarceration followed by supervised release.  Salter appeals that sentence, asserting the district court's failure to consider the United States Sentencing Guidelines and 18 U.S.C. § 3553(a) factors was unreasonable.  We affirm.

**I.**

In 2007, Salter pleaded guilty to multiple counts of uttering counterfeit obligations of the United States and dealing in such obligations, in violation of 18 U.S.C. §§ 472 & 473.

Salter received a sentence of three years of probation. She was required to serve four months of the sentence in home confinement.

Nearly three years later, Salter's probation officer filed a Petition for Warrant or Summons, alleging that Salter had violated several terms of her probation.[1] When Salter appeared before the district court in November 2010, she did not contest the alleged violations. Using the United States Sentencing Guidelines Chapter Seven Policy Statements, the district court determined that all of Salter's violations were Grade C violations, which in combination with a criminal history category of I subjected Salter to a three- to nine-month sentencing range. Despite defense counsel's request for no further sanction, the district court sentenced Salter to 90 days of incarceration, followed by one year of supervised release. In response to the district court's question whether there were any objections to the sentence, Salter's counsel stated there were none. This timely appeal followed.

## II.

When a defendant sentenced to probation violates its terms, the district court may continue probation, with or without modifications, or revoke the probation and resentence the defendant, so long as the sentence is no greater than the maximum for the original offense. 18 U.S.C. § 3565(a). In this case, the district court chose to revoke probation and sentence Salter as described above. We review the sentence imposed by the district court for

---

[1]It was alleged that Salter went to California without permission, where she was charged with a felony, and that she failed to inform her probation officer about the contact with law enforcement or the new charge in California, for which she was subject to a warrant. She was also alleged to have failed to provide a DNA sample.

reasonableness, just as we would review a sentence imposed following the underlying conviction. *See United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007).

In this appeal, Salter objects only to the procedural reasonableness of her sentence. Salter asserts that the district court committed procedural error by (1) failing to fully consider the United States Sentencing Guidelines, and (2) failing to consider any of the 18 U.S.C. § 3553(a) factors. Salter concedes that although she was given the appropriate opportunity as prescribed by *United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004), she did not object to the district court's pronouncement of sentence, and that our review is for plain error. *United States v. Vonner*, 516 F.3d 382, 385-86 (6th Cir. 2008) (*en banc*); *United States v. Lalonde*, 509 F.3d 750, 757 (6th Cir. 2007). Plain error review affords more deference to the district court's determination than does a review for abuse of discretion. It requires that Salter demonstrate error that (1) is obvious or clear; (2) that affected her substantial rights; and (3) that affected the fairness, integrity, or public reputation of the judicial proceedings. *Vonner* at 386.

In her first claim, Salter contends that although the district court stated that the range under the Sentencing Guidelines was three to nine months, it never again "addressed" the Guidelines, and failed to "evaluate what the imposition of a sentence of imprisonment required under the Guidelines." Specifically, Salter points to § 7B1.3 of the Sentencing Guidelines, entitled "Revocation of Probation or Supervised Release (Policy Statement)." A subsection of that title provides:

> In the case of a Grade B or C violation- (1) Where the minimum term of imprisonment determined under § 7B1.4 (Term of Imprisonment) is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term.

U.S.S.G. § 7B1.3(c)(1). Salter appears to be arguing that the district court failed to follow the Guidelines here, when it imposed a term of imprisonment *as well as* a term of supervised release. For this reason, she asserts, the sentence is procedurally unreasonable.

Salter's claim is without merit. To the extent she is arguing that the district court erred by sentencing her to a term that included both a term of incarceration *and* a period of supervised release, she is incorrect. U.S.S.G. § 7B1.3 (c)(1) states only that when the minimum sentence for a probation or supervised release violation is more than one but no more than six months, the district court may substitute community confinement or home detention for all—or a portion—of that sentence. As the Seventh Circuit has opined, this Guideline ". . . does not mean that supervised release may not be imposed unless it is done as part of a plan to substitute community confinement or home detention for part of a defendant's prison term." *United States v. Adams*, 240 F. App'x 728, 731 (7th Cir. 2007). Because the district court did not misapply U.S.S.G. § 7B1.3(c)(1), we find no error in the court's failure to substitute home detention for any portion of the term imposed.

Salter's next assertion, that the district court failed to calculate or consider any of the 18 U.S.C. § 3553(a) factors, is equally unavailing. After the district court calculated the guideline range, counsel for Salter described Salter's violations, and asked that the district

court terminate Salter's supervision. The district court's immediate reaction was to state that rewarding Salter with no punishment would be inappropriate under the circumstances. The district court confirmed with counsel that the new charges in California were felony charges, and stated its opinion that the probation officer's recommendation was generous to Salter. Following the district court's pronouncement of sentence, Salter requested a sentence of house arrest so that she could preserve her employment and living situation. The district court entered into the following exchange with Salter:

> THE COURT: Ms. Salter, that's the same type of argument I had when I put you on probation, and you screwed it up. That's why I put you on probation. You had employment in a nursing home back then. You had a place to live. I don't recall the argument with regard to the house. So, how many times do you want to make that argument to me? It's not going to work anymore. I'm sorry.
>
> THE DEFENDANT: Please just give me a chance, Your Honor.
>
> THE COURT: I know -- I'd love to give you a chance.
>
> THE DEFENDANT: Please.
>
> THE COURT: But I think I did. I actually did back [at the time of the original sentence]. And, you know, uttering counterfeit obligations is one thing, but then we get into similar types of fraudulent activities out in California.
>
> No, Ms. Salter, I have sympathy for you. I really do. I have sympathy for the position you find yourself in, and I feel sorry for you, but I don't feel sorry enough to say no jail time at all. That, to me, is no penalty at all for violating what I told you to do and violating the law.

Both the district court's earlier commentary as well as this exchange with the defendant clearly demonstrate the district court's consideration of Salter's "history" and "circumstances," the need for the sentence "to promote respect for the law," and the "kinds

of sentences available." *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A), & (a)(3).  While the district court may not have made "explicit reference" to the listed factors in § 3553(a), no such "ritual incantation" is required.  *See United States v. Polihonki*, 543 F.3d 318, 324 (6th Cir. 2008).  No error, plain or otherwise, was committed by the district court in its fashioning of a reasonable sentence under the circumstances presented here.

The district court is **AFFIRMED**.