*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 11a0185p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

            *v.*

JOSE ANGEL GAYTAN-GARZA,
                    *Defendant-Appellant.*

No. 10-4615

─────────────────

Filed: July 12, 2011

Before:  MERRITT and ROGERS, Circuit Judges; FORESTER, District Judge.[*]

─────────────────

## ORDER

─────────────────

PER CURIAM.  This matter is before the court upon consideration of Jose Angel Gaytan-Garza's response to this court's order directing him to show cause why his appeal should not be dismissed on the basis of a late notice of appeal.  The district court entered Gaytan-Garza's judgment of conviction on June 14, 2006.  Gaytan-Garza filed his notice of appeal on December 6, 2010, over four years late.  Dismissal is proper in this case under Federal Rules of Appellate Procedure 4(b) and 26(a).

In his response to the show-cause order, Gaytan-Garza implicitly recognizes this court's established position that the time period set forth in Rule 4(b) is "jurisdictional." *See United States v. Dotz*, 455 F.3d 644, 647 (6th Cir. 2006).  However, he argues that "the failure to file the Notice of Appeal is no longer a jurisdictional defect precluding this court from retaining jurisdiction," in light of *United States v. Martinez*, 496 F.3d

───────────────────────

[*]The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation.

387, 388-89 (5th Cir. 2007). Although *Martinez* is not binding on this court, its conclusion that Rule 4(b) is not jurisdictional is based on clear Supreme Court precedent that undermines our prior understanding of the rule. Three Supreme Court decisions have explained that a jurisdictional time period is established by statute and that a time period established only by a rule is merely a non-jurisdictional claim-processing rule. *Bowles v. Russell*, 551 U.S. 205, 210-13 (2007), held that the time period set forth in Federal Rule of Appellate Procedure 4(a)(6) is jurisdictional based on 28 U.S.C. § 2107(c). *Eberhart v. United States*, 546 U.S. 12, 15-16 (2005), held that the time period provided for filing a Federal Rule of Criminal Procedure 33 motion for a new trial is not jurisdictional, but a claim-processing rule. *Kontrick v. Ryan*, 540 U.S. 443, 454 (2004), held that the time period provided by Federal Rule of Bankruptcy Procedure 4004 is not jurisdictional, but a claim-processing rule.

Rule 4(b), unlike Rule 4(a), is not established by statute, and it is now clear that Rule 4(b) is not jurisdictional. This is consistent with the holdings and reasoning of several of our sister circuits. *See United States v. Watson*, 623 F.3d 542, 544 (8th Cir. 2010); *Virgin Islands v. Martinez*, 620 F.3d 321, 327-28 (3d Cir. 2010); *United States v. Neff*, 598 F.3d 320, 323 (7th Cir. 2010); *United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009); *United States v. Lopez*, 562 F.3d 1309, 1311-13 (11th Cir. 2009); *United States v. Byfield*, 522 F.3d 400, 403 n.2 (D.C. Cir. 2008); *United States v. Frias*, 521 F.3d 229, 232-34 (2d Cir. 2008); *United States v. Garduno*, 506 F.3d 1287, 1291 (10th Cir. 2007); *Martinez*, 496 F.3d at 388-89; *United States v. Sadler*, 480 F.3d 932, 939-40 (9th Cir. 2007). Therefore, we are not required to dismiss late-filed criminal appeals unless the government has raised the issue, which it can do by motion or in its briefing. *See Byfield*, 522 F.3d at 403; *Garduno*, 506 F.3d at 1292 n.7.

While we are not required to dismiss as a jurisdictional matter, this holding does not preclude sua sponte dismissal of late-filed criminal appeals. *See United States v. Mitchell*, 518 F.3d 740, 751 (10th Cir. 2008); Fed. R. App. P. 26(b)(1). Such dismissal is appropriate here, as Gaytan-Garza's delay of over four years in filing his appeal

implicates the important judicial interests of finality of convictions and efficient administration of claim processing.

The appeal is dismissed as untimely.