NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0053n.06

No. 25-3143

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 27, 2026
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | |
| EMILIO GARCIA, | ) ) | OPINION |
| Defendant-Appellant. | ) ) | |

_____

Before: KETHLEDGE, BUSH, and NALBANDIAN, Circuit Judges.

**JOHN K. BUSH, Circuit Judge.** To punish a supervised release violation, the district court sentenced Emilio Garcia to an above-guidelines sentence of thirty-six months' imprisonment plus five more years of supervised release. Garcia challenges this sentence on appeal. We **AFFIRM**.

**I.**

In 2020, Garcia pleaded guilty to one count of felony conspiracy to possess with the intent to distribute and to distribute controlled substances. He served his sixty-month sentence and had begun serving a five-year term of supervised release only a handful of months before committing the violation at issue here.

In August 2024, Garcia, while under the influence of alcohol, came upon someone else's car idling in a gas station parking lot in Toledo, Ohio. The car was unlocked with a four-year-old and a nine-month-old sitting inside. Garcia got in and drove away, allegedly not noticing the

children. He began to drive to his own home, but not without causing $2,000 in damage to the vehicle from an accident along the way. Thankfully the children were physically unharmed.

Afterwards, Garcia pleaded guilty in Ohio state court to grand theft of a motor vehicle and two counts of endangering children. He was sentenced to a year in state prison.

While serving this state sentence, the government had Garcia temporarily transferred to federal custody to attend a supervised release revocation hearing arising from his prior federal conviction. At this hearing, Garcia admitted to violating the terms of his supervised release through the actions that led to his state conviction. He also admitted that he had been drinking at the time he stole the car, but implied that he did not realize children were in the car when he took it.

The violation report calculated Garcia's Guidelines range for the violation at twenty-four to thirty months. But at the hearing, the government noted that this was an incorrect calculation and that the range should be twelve to eighteen months. The district court agreed with the government. After hearing from Garcia and the government, the district court revoked Garcia's supervised release and sentenced him to an additional thirty-six months' imprisonment—"a variance that is double the upper end of the appropriate guideline range." R. 1163, Revocation Hearing Tr., PageID 9782. This sentence was to run concurrently with the state sentence, resulting in roughly twenty-eight months in federal custody. The district court also imposed another five-year term of supervised release to follow the term of imprisonment. The district court asked if Garcia objected to the sentence, but his counsel had no objection.

Garcia now makes three arguments on appeal: (1) the district court did not have the authority to impose five years of supervised release, (2) the sentence was procedurally

unreasonable, and (3) the sentence was substantively unreasonable. We consider each in turn below.

**II.**

We first address whether the district court had the authority to impose a five-year term of supervised release based on the violation conduct. We review *de novo* his challenge to the district court's authority to impose such a sentence. *United States v. VanHoose*, 437 F.3d 497, 501 (6th Cir. 2006).

The district court's authority to impose the additional five-year term of supervised release comes from 18 U.S.C. § 3583(h). This provision authorizes "[s]upervised release following revocation," for the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." *Id.* Here, that means Garcia's term of supervised release cannot exceed the maximum supervised release term for his felony drug conviction under 21 U.S.C. § 846. Section 846 imposes the same penalties for conspiracy to commit a drug offense as the defendant would face if he committed the completed offense under 21 U.S.C. § 841. Section 841, in turn, sets a five-year minimum term of supervised release "[n]otwithstanding section 3583 of Title 18 . . . ." *Id.* § 841(b)(1)(A)(viii). But § 841 addresses only the minimum, not the maximum, term of supervised release that can be imposed. When the statute does not impose a maximum, we read the statute to mean "that the statutory maximum term of supervis[ed] release is a life term." *United States v. King*, 272 F.3d 366, 376 (6th Cir. 2001) (quoting *United States v. Gibbs*, 58 F.3d 36, 37–38 (2d Cir. 1995)); *see United States v. Dominguez*, 513 F. App'x 458, 461 n.1 (6th Cir. 2013).

A life term does not make for easy math, but we can safely say that subtracting Garcia's thirty-six-month prison sentence from the life term results in a number greater than five. So the district court had the authority to impose a five-year term of supervised release on Garcia.

Garcia argues that we have the wrong starting point. He claims that 18 U.S.C. § 3583(b) imposes a statutory maximum of five years, meaning that his term of imprisonment should be subtracted from this number. But the maximum in § 3583(b) does not always apply; it defers to other statutory provisions by beginning with the phrase "[e]xcept as otherwise provided . . . ." Here, the statutory maximum has been otherwise provided by 21 U.S.C. § 841(b)(1)(A)(viii), so the five-year maximum does not apply to Garcia.

### III.

We next turn to whether the sentence was procedurally unreasonable. In most cases, we review challenges to procedural reasonableness for an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 41 (2007). "But if a defendant fails to object to a procedural defect at sentencing, we review for plain error instead." *United States v. Gardner*, 32 F.4th 504, 529 (6th Cir. 2022). Garcia did not object to his sentence, so we review the procedural reasonableness for plain error.

The district court did not commit a procedural error. It correctly calculated the Guidelines range, treated the Guidelines as advisory, considered the relevant sentencing factors, selected a sentence based on reasonably inferred facts, and explained the reasons for deviating from the Guidelines range. *See Gall*, 552 U.S. at 51.

Garcia makes two arguments that the sentence was procedurally unreasonable: (1) the district court failed to adequately consider the 18 U.S.C. § 3583 factors, and (2) the sentence was based on facts not in the record. Neither argument persuades.

4

*First*, the factors that a court must consider under § 3583(e) are the same as the factors listed in § 3553(a), except the court may not consider § 3553(a)(2)(A). The district court stated that it considered "all of the applicable sentencing factors [it was] supposed to consider at revocation." R. 1163, Revocation Hearing Tr., PageID 9779–80. We agree it did so. The district court considered the serious nature of the violation conduct, the effect on the victims, the need to deter Garcia from committing this type of crime again, and Garcia's criminal history of engaging in this same type of offense. The district court's "reasoning was sufficiently detailed to reflect the considerations listed in 18 U.S.C. § 3553(a) and to allow for meaningful appellate review." *United States v. Chiolo*, 643 F.3d 177, 182 (6th Cir. 2011) (cleaned up). It did not need to go further and explicitly make a statement about each factor; the district court provided enough of its rationale to satisfy us that it "had a reasoned basis for exercising [its] own legal decision making authority." *Id.* at 184 (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

*Second*, the district court did not improperly rely on facts outside the record. Garcia implied that he did not realize children were in the car, but the district court disbelieved him. It was reasonable for the district court to find by a preponderance of the evidence that Garcia in fact did know of the children in the car. The district court relied on evidence of the children's ages combined with the $2,000 of damage caused to the vehicle during the drive to conclude that the children would have cried out or screamed when the damage was done. Taking these circumstances together, we cannot say that it was unreasonable for the district court to infer that Garcia knew of the children's presence in the car. *See United States v. Parrish*, 915 F.3d 1043, 1048 (6th Cir. 2019).

The district court did not impose a procedurally unreasonable sentence, and thus did not plainly err.

5

**IV.**

Finally, the district court did not abuse its discretion as to the substantive reasonableness of the sentence. "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Sexton*, 894 F.3d 787, 797 (6th Cir. 2018) (quoting *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008)). For challenges to the substantive reasonableness of a sentence, we review for an abuse of discretion even if the defendant did not object during sentencing. *United States v. Solano-Rosales*, 781 F.3d 345, 355–56 (6th Cir. 2015).

Garcia makes two new arguments. *First*, he claims that the district court never considered that it was creating "sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . ." 18 U.S.C. § 3553(a)(6). In support of his argument that the district court needed to compare his case to other similarly situated defendants, Garcia cites *United States v. Perez-Rodriguez*, 960 F.3d 748, 754 (6th Cir. 2020). But *Perez-Rodriguez* did not require one-to-one comparisons; it only specified that district courts must explain "how the present case is different from the typical or mine-run case . . . ." *Id.* The district court did that here. This case fell outside the normal situation because of Garcia's repeat offenses of this kind, the need for individual deterrence, and (by inference from the circumstances) the dramatic effect on the children's mother when she "came out to find her children gone." R.1163, Revocation Hearing Tr., PageID 9784.

*Second*, Garcia argues that the court failed to consider the mitigating circumstance of "his substance abuse disorder." Appellant Br. at 21. On the contrary, the district court did consider Garcia's struggle with alcohol and determined that it was "[n]o excuse at all." R. 1163, Revocation

6

Hearing Tr., PageID 9785. Context shows that the district court considered the claim because it acknowledged the argument. *See United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008). And to the extent Garcia is arguing that the district court should have balanced the factors differently, that is "simply beyond the scope of our appellate review, which looks to whether the sentence is reasonable, as opposed to whether in the first instance we would have imposed the same sentence." *Id.* (quoting *United States v. Ely*, 468 F.3d 399, 404 (6th Cir. 2006).

The district court's sentence was substantively reasonable.

## V.

For all these reasons, we **AFFIRM** the decision of the district court.