**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 7, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LUIS ALFREDO JACOBO,

    Defendant - Appellant.

Nos. 25-5115 and 25-5121
(D.C. No. 4:21-CR-00102-GKF-6)
(N.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **TYMKOVICH**, **BALDOCK**, and **FEDERICO**, Circuit Judges.
_____

A jury convicted Luis Jacobo of various drug crimes and he was sentenced to life in prison under concurrent life sentences. On direct appeal, this court affirmed Jacobo's convictions in part but reversed his drug-conspiracy convictions. *United States v. Jacobo*, No. 23-5114, 2025 WL 481607 (10th Cir. Feb. 13, 2025). The district court on remand dismissed Jacobo's drug-conspiracy counts and vacated the

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* FED. R. APP. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

related life sentence but did not resentence Jacobo because of the remaining concurrent life sentence.

Jacobo moved to appoint counsel for a resentencing hearing which the district court denied because it determined it had no authority to resentence Jacobo for his remaining convictions. Jacobo also moved for a new trial to which the district court responded by informing Jacobo of its intent to characterize the new-trial motion as a habeas corpus petition. Jacobo sought reconsideration of both the court's denial of appointment of counsel and its intent to re-characterize his new-trial motion. The district court denied reconsideration, and Jacobo appealed both denials. Days after appeal, the district court deemed that Jacobo had withdrawn his motion for a new trial.

Because Jacobo's notice of appeal of the order denying counsel is time-barred, and because this court has no jurisdiction over the order characterizing Jacobo's new-trial motion, we **DISMISS** Jacobo's appeal.

## I.    Background

In 2022, a jury found Jacobo guilty of one count of Continuing Criminal Enterprise (CCE) pursuant to 21 U.S.C. §§ 848(a) and 848(b); three counts of Drug Conspiracy pursuant to 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii); and twenty-one counts of Unlawful Use of a Communication Facility pursuant to 21 U.S.C. §§ 843(b) and 843(d)(1). Jacobo was subsequently sentenced to life in prison for both the CCE and Drug Conspiracy counts, as well as forty-eight months for the Communication Facility counts, all to run concurrent with each other. Jacobo appealed.

On direct appeal, this court affirmed Jacobo's convictions as to the CCE and Communication Facility counts, but reversed the convictions on the Drug Conspiracy counts and remanded to the district court. Specifically, as to the Drug Conspiracy convictions alone, this court stated: "we REVERSE the conviction and REMAND with instructions to the district court to vacate these convictions and sentences and conduct further proceedings consistent with this decision." R. Vol. V. 22–23.

After the mandate issued, the district court entered an amended judgment. The amended judgment dismissed Jacobo's Drug Conspiracy counts and sentenced Jacobo to life in prison for the CCE count and forty-eight months as to the Communication Facility counts, to run concurrently.

Soon after, Jacobo filed a motion with the district court seeking appointment of counsel "to represent him for a resentencing hearing" and "represent [him] for a sentencing motion." *Id.* at 38. The district court denied the motion, reasoning that it had no authority to resentence him for the remaining convictions. Jacobo then filed a motion for reconsideration of this denial, which the district court again denied for the same reason.

While Jacobo's motions regarding appointment of counsel were pending, Jacobo also filed a motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure, arguing that, because his Drug Conspiracy convictions were vacated, the CCE conviction now "cannot be valid." *Id.* at 50. Jacobo also asserted that he was "actually innocent of the CCE" based on instructional error and that the charged criminal enterprise was, in fact, "a singly conspiracy, insufficient to sustain a CCE conviction." *Id.* at 50–51.

Concluding that the Rule 33 motion was more properly construed as a habeas petition under 28 U.S.C. § 2255, the district court responded to Jacobo's motion by advising Jacobo of its intent to recharacterize his motion as such.

In that order, the court also provided Jacobo the opportunity to "withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Id.* at 112 (quoting *Castro v. United States*, 540 U.S. 375, 383 (2003)). Jacobo then sought reconsideration of the court's order stating that it intended to recharacterize his Rule 33 motion for a new trial, arguing that the motion was properly brought based on "newly discovered evidence." R. Vol. V. 132. The district court denied his motion, concluding that Jacobo's underlying motion contested that he was legally, not factually, innocent, and that Jacobo's argument was in substance a collateral attack on his conviction that must be brought under § 2255. The court again extended Jacobo's deadline to withdraw or amend his § 2255 motion.

Before Jacobo's deadline expired, he filed a notice of appeal, identifying the two orders denying reconsideration as the subjects of his appeal.

Shortly after Jacobo filed notice of appeal, the district court entered an order that deemed Jacobo's Rule 33 motion withdrawn. The court reasoned that Jacobo's repeated requests to the district court and his notice of appeal made clear that he objected to recharacterizing the purported Rule 33 motion as a § 2255 motion, and these objections "effectively constitute[d] a request to withdraw the motion." *Id.* at 156. It further advised Jacobo that this motion would not count as first habeas filing under § 2255, and that he had one year, pursuant to § 2255(f), to file this motion.

4

We issued a jurisdictional show-cause order upon the opening of this appeal, directing Jacobo to file a brief addressing this court's jurisdiction over his appeal. Jacobo filed a timely response, arguing that the orders denying reconsideration are appealable as orders denying injunctions under 28 U.S.C. § 1292(a)(1) and under case law permitting jurisdiction over orders that have the "practical effect of refusing an injunction." Mem. Supp. Interloc. Appeal 1, Dkt. No. 12.

## II.    Discussion

Jacobo appeals the district court's denial of reconsideration of orders denying his motion for counsel and stating its intent to re-characterize his motion for a new trial. He also requests appellate counsel under 18 U.S.C. § 3006A. Jacobo does not appeal the court's later order deeming his new-trial motion to be withdrawn. Because we conclude that Jacobo's appeal regarding trial counsel is time-barred, and that his appeal regarding the characterization of the new-trial motion is moot, we dismiss Jacobo's appeal and his attendant request for appellate counsel.

### A.    Standard of Review

We review the court's denials of reconsideration for abuse of discretion. *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). In doing so, we construe Jacobo's pro se pleadings liberally. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

5

### B.    Orders Denying Reconsideration

#### 1.    Order Denying Appointment of Counsel

Jacobo first challenges the district court's order denying his motion to reconsider its post-judgment denial of his request for the appointment of counsel in his direct criminal case.  Jacobo's notice of appeal on this issue, however, is untimely.

Jacobo's notice of appeal runs afoul of the 14-day deadline set by Rule 4 of the Federal Rules of Appellate Procedure.  That Rule required Jacobo to file notice of intent to appeal on or before July 10, 2025, 14 days following the entry of the June 26, 2025 order he wished to appeal.  *See* FED. R. APP. P. 4(b)(1)(A).  Jacobo's notice of appeal, however, was dated July 15th and marked received by prison officials on July 16th—at least five days too late, even giving Jacobo the benefit of the prison mailbox rule.  *See* FED. R. APP. P. 4(c).

Generally, the time bar of Rule 4(b) is a non-jurisdictional "inflexible claim-processing rule[]" that must be invoked by the government.  *United States v. Mitchell*, 518 F.3d 740, 744 (10th Cir. 2008) (citing *Bowles v. Russell*, 551 U.S. 205, 209–13 (2007)).  The government did not invoke the time bar here.  Nevertheless, a court may enforce Rule 4(b) sua sponte when doing so serves the Rule's purposes.[1]

---

[1] This circuit is not alone in recognizing that courts may raise Rule 4(b) sua sponte.  *See, e.g.*, *United States v. Oliver*, 878 F.3d 120, 125–26 (4th Cir. 2017); *United States v. Gaytan-Garza*, 652 F.3d 680, 681 (6th Cir. 2011).

*Id.* at 750. If the enforcement of Rule 4(b) serves important judicial and societal interests beyond those of the parties, such as "minimizing uncertainty and waste of judicial resources caused by undue delay," a court may dismiss the appeal pursuant to the Rule 4(b) time bar. *Id.*

Jacobo's notice of appeal regarding counsel was untimely. Jacobo expressly moved for counsel "for a resentencing hearing"—but such a hearing would and could never come to be. R. Vol. V. 38. As the district court explained in its initial denial, the court had "no power or authority to deviate from the mandate" to resentence Jacobo for his standing convictions. *Id.* at 42 (quoting *United States v. Walker*, 918 F.3d 1134, 1143 (10th Cir. 2019)). The mandate cabined the district court's remand to vacating the convictions and sentences for the Drug Conspiracy counts, alone.

On remand, the district court entered an amended judgment reflecting the remaining convictions. It had no authority to conduct further resentencing or consider a new sentencing motion from Jacobo. *See Walker*, 918 F.3d at 1143. And so the district court denied the motion to appoint counsel for a resentencing hearing it had no authority to hold. Ultimately, Jacobo's underlying motion to appoint counsel for his expressed purposes was "unnecessary." R. Vol. V. 43.

Jacobo's appeal of this order is dismissed as untimely.

### 2. *Order Noticing Intent to Characterize New-Trial Motion*

Jacobo also challenges the district court's order denying his motion for reconsideration of its order advising him of its intent to recharacterize his Rule 33 motion for a new trial as a § 2255 motion. Because the Rule 33 motion has since been

withdrawn, however, Jacobo's challenge is moot.  And because it is moot, we must dismiss this appealed order for lack of jurisdiction.  *See McClendon v. City of Albuquerque*, 100 F.3d 863, 868 (10th Cir. 1996).

Though the parties did not raise the issue of mootness before this court, this court may raise the issue sua sponte because "mootness is a matter of jurisdiction." *McClendon*, 100 F.3d at 867.  And in every appeal, "the first and fundamental question is that of jurisdiction." *In re Lang*, 414 F.3d 1191, 1195 (10th Cir. 2005) (quoting *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94 (1998)).  "A case is moot when it is 'impossible for the court to grant "any effectual relief whatever" to a prevailing party.'" *In re Overland Park Fin. Corp.*, 236 F.3d 1246, 1254 (10th Cir. 2001) (quoting *Church of Scientology v. United States,* 506 U.S. 9, 12 (1992)).

Jacobo asks this court to review an order denying reconsideration of its intent to re-characterize his Rule 33 motion that has since been deemed withdrawn.  Jacobo did not appeal the order withdrawing the Rule 33 motion.  This court has no means to provide Jacobo relief about the proper character of his Rule 33 motion when that motion is no longer operative.

This court advises Jacobo, as the district court did in its order deeming the Rule 33 motion withdrawn, that he may attack the validity of his remaining convictions by filing a habeas petition under 28 U.S.C. § 2255, so long as he does so within the one-year limitation prescribed by § 2255(f).

Because Jacobo's appeal of the reconsideration order is moot, we dismiss this appealed issue for lack of jurisdiction.

8

Even if Jacobo's appealed order was not moot, we still would not have jurisdiction. We have jurisdiction to hear appeals typically only from "final decisions of the district courts," which are decisions that "end[] the litigation on the merits." 28 U.S.C. § 1291; *Graham v. Hartford Life & Accident Ins. Co.*, 501 F.3d 1153, 1156 (10th Cir. 2007) (quoting *Rekstad v. First Bank Sys.,* 238 F.3d 1259, 1261 (10th Cir. 2001)). Jacobo appeals an order that is not a final decision because the intent-to-recharacterize order did not end the litigation on the merits of his Rule 33 motion. Instead, that order stated the court's intent to rule that Jacobo had not *filed* a Rule 33 motion. Orders that set the stage for further trial court proceedings, like this one, are not final orders. *Hayes Fam. Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1003 (10th Cir. 2017). As a result, we do not have jurisdiction under § 1291 over this non-final order. And despite Jacobo's contrary argument, neither do we have jurisdiction under 28 U.S.C. § 1292(a)(1). This provision permits jurisdiction over appeals from specific district court rulings concerning injunctions. 28 U.S.C. § 1292(a)(1). But this appealed order does not concern an injunction—it concerns the character of a new-trial motion.

Because no statute provides us with appellate jurisdiction, we must dismiss this claim.

We likewise deny Jacobo's request for appellate counsel pursuant to 18 U.S.C. § 3006A. That statute provides counsel to financially qualifying defendants from the time of "initial appearance . . . through appeal, including *ancillary matters* appropriate to the proceedings." 18 U.S.C. § 3006A(c) (emphasis added). But

9

Jacobo's appeals do not concern "ancillary matters." Because the two post-judgment denials Jacobo appeals concern requests for counsel and proceedings beyond direct appeal, Jacobo has no statutory right to counsel. *See United States v. Howell*, 573 F. App'x 795, 801 (10th Cir. 2014) (stating that habeas petitions do not "implicate the guarantee" of counsel under 18 U.S.C. § 3006A).

## III.   Conclusion

For the foregoing reasons, we dismiss Jacobo's appeal.


Entered for the Court


Timothy M. Tymkovich
Circuit Judge