**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0791n.06
Filed: November 13, 2007

No. 06-2166

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | **ON APPEAL** FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| DAVID MORRIS ALLEN, | ) | |
| | ) | **O P I N I O N** |
| **Defendant-Appellant.** | ) | |
| | ) | |

Before: BATCHELDER, MOORE, and COLE, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** This case involves Defendant-Appellant David Morris Allen's direct appeal of his conviction in the U.S. District Court for the Eastern District of Michigan, for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). For the reasons explained below, we AFFIRM the judgment of the district court. We decline to reach Allen's claim of ineffective assistance of counsel, without prejudice to Allen's right to raise the claim in a proceeding pursuant to 28 U.S.C. § 2255.

## I. BACKGROUND

At approximately five a.m. on the morning of September 25, 2004, the Detroit Police Department executed a raid at Club Fabulous, an after-hours night club. Officer Nevin Hughes saw the defendant standing outside the club holding a gun and then saw him throw the gun onto the ground near a fire hydrant. Apart from Allen, Hughes saw no other people on the sidewalk directly

outside the club. Hughes arrested Allen and retrieved the gun. Allen had a felony conviction dating prior to this arrest.

On May 17, 2005, Allen was charged in a one-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Following a three-day trial and several hours of deliberation, a jury convicted Allen. Prior to sentencing, Allen fired his trial attorney and retained Attorney David S. Steingold as new defense counsel. On January 24, 2006, the district judge granted Allen's motion to extend the time for filing his motion for a new trial pursuant to FED. R. CRIM. P. 33. On April 14, 2006, Allen filed a motion for a new trial, arguing that his previous defense attorney provided ineffective assistance of counsel at trial. His motion included a request for an evidentiary hearing. The district court denied the motion because it concluded that the trial counsel's alleged acts and omissions, whether taken separately or as a whole, did not meet the test for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Allen filed a motion for reconsideration that included another request for an evidentiary hearing, which Allen believed would bolster his claims of ineffective assistance of counsel. The district court denied the motion for reconsideration on the grounds that Allen had failed to show that the order denying the new trial contained a palpable error and that correcting the error would result in a different disposition of the case, as required by Eastern District of Michigan Local Rule 7.1(g)(3).

On August 29, 2006, the district court sentenced Allen to fifty-one months' incarceration followed by two years' supervised release. Allen filed a timely notice of appeal to this court.

2

# II. ANALYSIS

## A. Standard of Review

Allen contests on appeal the district court's denial of his motion for a new trial, without first granting him an evidentiary hearing. We will affirm a district court's denial of a criminal defendant's motion for a new trial "unless there has been error as a matter of law or a clear and manifest abuse of judicial discretion." 3 CHARLES ALAN WRIGHT, NANCY J. KING, & SUSAN R. KLEIN, FEDERAL PRACTICE AND PROCEDURE § 559 (3d ed. 1999); *see also United States v. Pierce*, 62 F.3d 818, 823 (6th Cir. 1995) (citing *United States v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991)), *cert. denied*, 516 U.S. 1136 (1996). The defendant has the burden of proving that the district court should grant a new trial. *Id.* (citing *United States v. Davis*, 15 F.3d 526, 531 (6th Cir. 1994)). Similarly, we review for abuse of discretion a district court's decision not to grant an evidentiary hearing before ruling on a motion for a new trial. *United States v. Bass*, 460 F.3d 830, 838 (6th Cir. 2006), *cert. denied*, --- U.S. ---, 127 S. Ct. 2959 (2007); *United States v. O'Dell*, 805 F.2d 637, 643 (6th Cir. 1986), *cert. denied*, 484 U.S. 859 (1987).

To determine whether the district court abused its discretion, we must assess whether the district judge "relie[d] on clearly erroneous findings of fact, or . . . improperly applie[d] the law or use[d] an erroneous legal standard." *Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir. 1995) (citing *Southward v. S. Cent. Ready Mix Supply Corp.*, 7 F.3d 487, 492 (6th Cir. 1993)). "In examining findings of fact, this court may reverse only if after a review of all the evidence, we are 'left with the definite and firm conviction that a mistake has been committed.'" *Harrison v. Metro. Gov't of Nashville & Davidson County*, 80 F.3d 1107, 1112-13 (6th Cir.) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)), *cert. denied*, 519 U.S. 863 (1996).

We review de novo a criminal defendant's ineffective-assistance-of-counsel claim, which is a mixed question of law and fact. *Mallett v. United States*, 334 F.3d 491, 497 (6th Cir. 2003) (citing *Strickland v. Washington*, 466 U.S. 668, 698 (1984)), *cert. denied*, 540 U.S. 1133 (2004). We decline to address ineffective-assistance-of-counsel claims on direct appeal, however, unless the "the existing record is adequate to assess properly the merits of the claim." *United States v. Hynes*, 467 F.3d 951, 969 (6th Cir. 2006) (quoting *United States v. Franklin*, 415 F.3d 537, 555-56 (6th Cir. 2005)).

**B. The District Court's Denial of an Evidentiary Hearing before Ruling on Allen's Motion**

Allen argues that "[a]t a minimum, the trial court should have granted [his] request for an evidentiary hearing raised in both his original Rule 33 motion, and renewed in his motion for reconsideration." Defendant-Appellant Br. at 15. A trial court, however, has the discretion to deny an evidentiary hearing before ruling on a motion for a new trial. *O'Dell*, 805 F.2d at 643. We require a defendant to produce at least a modicum of evidence in support of a request for an evidentiary hearing on a motion for a new trial based on ineffective assistance of counsel. *Bass*, 460 F.3d at 838 (holding that "[t]he district court did not abuse its discretion by declining to grant [the defendant] an evidentiary hearing . . . because [the defendant] failed to proffer any evidence that his trial counsel rendered ineffective assistance"). When filing his Rule 33 motion, Allen did not offer any evidence in support of his allegations regarding ineffective assistance of counsel.[1] Accordingly,

---

[1]In support of his motion for reconsideration, Allen provided the affidavit of one witness. The district court, however, correctly determined that the affidavit should have been submitted as part of the original Rule 33 motion. Moreover, the affiant provided no information concerning Allen.

the district court acted within its discretion in denying both Allen's original Rule 33 motion and his motion for reconsideration.

**C. The District Court's Rejection of Allen's Ineffective-Assistance-of-Counsel Claim**

We reach ineffective-assistance-of-counsel claims on direct appeal only if the record is sufficiently developed to permit us to review the claims. *United States v. Jones*, 489 F.3d 243, 255 (6th Cir. 2007). The presumption against resolving an ineffective-assistance claim on direct appeal "stems from the fact that a finding of prejudice is a prerequisite to a claim for ineffective assistance of counsel, and appellate courts are not equipped to resolve factual issues." *United States v. Brown*, 332 F.3d 363, 368-69 (6th Cir. 2003). "[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance." *Massaro v. United States*, 538 U.S. 500, 504 (2003).

Allen argues that his trial counsel provided ineffective assistance of counsel for four reasons, of which the most significant is Allen's allegation that his counsel did not investigate witnesses to the Club Fabulous raid. To evaluate Allen's ineffective-assistance claim, we would need evidence such as an affidavit from Allen's defense attorney stating why he chose not to interview these witnesses, or further affidavits from the persons who would have potentially served as witnesses indicating the probative value of their testimony. Because insufficient evidence exists for us to determine whether the failure on the part of Allen's trial attorney to investigate witnesses to the Club Fabulous raid constituted ineffective assistance of counsel, we decline to reach this claim.

**D. Allen's Equal-Protection Claim**

Allen argues that Project Safe Neighborhoods, as applied in locations within the Eastern District of Michigan, violates his right to equal protection under the Fourteenth Amendment.

Because Allen's trial attorney did not raise this issue through a pre-trial motion in the district court, and in the absence of plain error affecting Allen's "substantial rights," we conclude that Allen has forfeited this argument. *United States v. Olano*, 507 U.S. 725, 732-35 (1993).

### III. CONCLUSION

The district court did not abuse its discretion in ruling on Allen's motion for a new trial based on a claim of ineffective assistance of counsel, without granting an evidentiary hearing. The record is insufficiently developed, however, to determine whether there is merit to Allen's claim that his trial attorney's failure to investigate potential witnesses amounted to constitutionally deficient assistance. We therefore AFFIRM the judgment of the district court denying Allen's motion for a new trial, without prejudice to Allen's right to bring an ineffective-assistance-of-counsel claim in a proceeding pursuant to 28 U.S.C. § 2255.