**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0104n.06

No. 10-4135

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

***Jan 27, 2012***

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,                    )
                                             )
      **Plaintiff-Appellee,**            )          ON APPEAL FROM THE
                                             )          UNITED STATES DISTRICT
v.                                           )          COURT FOR THE NORTHERN
                                             )          DISTRICT OF OHIO
TIMOTHY A. FOSTER,                           )
                                             )
      **Defendant-Appellant.**          )          **O P I N I O N**
_____    )

Before:  MOORE, SUTTON, and DONALD, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.**  Timothy A. Foster ("Foster"), on direct appeal from his conviction for being a felon in possession of a firearm, raises a claim of ineffective assistance of counsel.  In accordance with the preference expressed by the Supreme Court in *Massaro v. United States*, 538 U.S. 500 (2003), we affirm Foster's conviction without prejudice to Foster's right to bring a claim of ineffective assistance of counsel in a timely proceeding pursuant to 28 U.S.C. § 2255.

**I.  BACKGROUND**

In January 2010, Foster was completing a one-year term of parole for a prior state felony conviction and reporting to state parole officer, James Klemens ("Klemens").  On January 20, 2010, Klemens, along with other police officers from the Canton Police Department, conducted a warrantless parole search of Foster's residence discovering two firearms and a small quantity of

marijuana. Immediately after the search, at the police station, Foster admitted to ownership of the firearms.

On February 24, 2010, Foster was indicted in the United States District Court for the Northern District of Ohio for one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Foster entered a plea of not-guilty and moved to suppress the firearms and incriminating statements as fruits of an unlawful search. Foster argued that Klemens and the other Canton police officers lacked reasonable suspicion to conduct a parole search of his residence. In response, the government contended that the search was justified in light of two tips Klemens received indicating that Foster was selling drugs as well as Klemens's observation that Foster appeared to have money to pay for anger-management classes and new clothing despite being unemployed.

Before the motion to suppress could be resolved, Foster moved to dismiss counsel because of "an impasse" preventing counsel and client from "get[ting] along to do the business" required. R. 26 (Pro Se Mot. to Relieve Counsel). The district court granted Foster's motion and appointed replacement counsel. In an order dated May 12, 2010, the district court set trial to commence on June 28, 2010 and informed the parties that pleas would not be accepted after the date of the pretrial conference—June 8, 2011.

The record indicates that on May 26, 2010, the district court cancelled the suppression hearing scheduled for the following day. R. 32 (Dist. Ct. Order, 5/16/2010). Thereafter, on June 8, 2010, Foster entered a guilty plea. On August 31, 2010, Foster was sentenced to ninety-six months

2

of imprisonment to be followed by three years of supervised release. Foster filed a timely notice of appeal on September 7, 2010.

## II. ANALYSIS

Foster contends that he was denied effective assistance of counsel in violation of the Sixth Amendment. He argues that counsel's decision to abandon the motion to suppress constituted deficient performance and that, as a result, Foster was convicted and sentenced to ninety-six months of imprisonment.

"We ordinarily will not rule on ineffective assistance of counsel claims raised on direct appeal because the record has not been sufficiently developed to review such claims." *United States v. Jones*, 489 F.3d 243, 255 (6th Cir. 2007). We will make an exception, however, if the factual record is sufficiently developed such that proper assessment of the merits of the claim is possible. *United States v. Franklin*, 415 F.3d 537, 555-56 (6th Cir. 2005).

The record here is insufficient to decide the merits of Foster's claim. We have no information or insight as to the circumstances surrounding the cancellation of the suppression hearing or as to Foster's entry of a guilty plea less than two weeks later. *See United States v. Allen*, 254 F. App'x 475, 478 (6th Cir. 2007) (unpublished opinion). While the warrantless search of Foster's residence was explored tangentially in a detention hearing, the transcript clearly indicates that the district court limited the scope of testimony to that relevant to detention. R. 17 (Detention Hr'g Tr. at 35:6-8) ("[Objection] [s]ustained. We're here regarding detention, sir, we're not here to discuss or to conduct a suppression hearing. This is about detention."). Consequently, this court is

ill-equipped to decide whether counsel's performance was deficient and prejudicial, and we decline to resolve Foster's claim of ineffective assistance of counsel.

Accordingly, we affirm Foster's conviction without prejudice to Foster's right to bring a claim of ineffective assistance of counsel in a timely proceeding pursuant to 28 U.S.C. § 2255.