NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0487n.06

No. 23-1241

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Nov 30, 2023
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| FRANCISCO PATINO, | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

Before: MOORE, MURPHY, and MATHIS, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge**. After the conclusion of a nine-day trial, Francisco Patino filed a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33(b)(1), arguing that his trial counsel was constitutionally ineffective. The district court denied the motion without holding an evidentiary hearing because Patino did not identify any evidence that could be considered "newly discovered" under Rule 33(b)(1). For the reasons outlined below, we **AFFIRM** the district court.

## I. BACKGROUND

Patino was indicted on one count of conspiracy to commit health-care fraud and wire fraud in violation of 18 U.S.C. § 1349 ("Count One"); two counts of health-care fraud in violation of 18 U.S.C. § 1347 ("Counts Two and Three"); one count of conspiracy to defraud the United States and pay and receive health-care kickbacks in violation of 18 U.S.C. § 371 ("Count Four"); one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) ("Count

Five"); and one count of money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2 ("Count Six"). R. 100 (Superseding Indictment ¶¶ 41–78) (Page ID #1006–24).

At trial, the government presented evidence that Patino, who was a doctor for pain management, was recruiting patients from vulnerable populations to receive care at his clinics by paying them between twenty and fifty dollars. R. 211 (Trial Tr. Vol. IV at 11) (Page ID #8090). Patino would then prescribe these patients opioids or other similar medications.[1] R. 212 (Trial Tr. Vol. VI at 107, 139–40) (Page ID #8344, 8376–77). The patients became addicted and returned monthly to Patino's clinics to renew their prescriptions. R. 210 (Trial Tr. Vol. III at 82) (Page ID #8049); R. 211 (Trial Tr. Vol. IV at 81–82) (Page ID #8160–61); R. 212 (Trial Tr. Vol. VI at 139–40) (Page ID #8376–77).

Typically, Patino required the patients to receive injections in order to obtain a prescription renewal. R. 210 (Trial Tr. Vol III at 79–81) (Page ID #8046–48); R. 211 (Trial Tr. Vol. IV at 26, 130) (Page ID #8105, 8209); R. 212 (Trial Tr. Vol. VI at 134) (Page ID #8371). During each monthly visit, most patients would receive injections of Marcaine or some other anesthetic, which provided a few hours of "temporary numbness." R. 211 (Trial Tr. Vol. IV at 70) (Page ID #8149); R. 214 (Trial Tr. Vol. VII at 33) (Page ID #8442); R. 215 (Trial Tr. Vol. V at 52–53) (Page ID #8579–80). Patino's clinics then billed Medicare as if the doctors had administered facet joint injections. R. 215 (Trial Tr. Vol. V at 52–53) (Page ID #8579–80); R. 221 (Trial Tr. Vol. VIII at 78–79) (Page ID #8798–99). Patino's clinics also billed Medicare as if the doctors administered more shots than each patient actually received, at times billing for as many as twelve injections

---

[1]Most patients were prescribed Oxycodone, R. 210 (Trial Tr. Vol. III at 80) (Page ID #8047); however, some patients were prescribed Vicodin, Xanax, Fentanyl, or Percocet, R. 211 (Trial Tr. Vol. IV at 26) (Page ID #8105); R. 214 (Trial Tr. Vol. VII at 56) (Page ID #8465).

per visit. R. 221 (Trial Tr. Vol. VIII at 80–81) (Page ID #8800–01). To reduce the risk that the clinics would be audited, Patino instructed his doctors and staff to ensure that the patients' medical files justified administering facet joint injections. R. 210 (Trial Tr. Vol. III at 89–93) (Page ID #8056–60); R. 211 (Trial Tr. Vol. IV at 138–39) (Page ID #8217–18).

Patients testified that the injections did not meaningfully reduce their pain, but they agreed to receive them because the injections were a prerequisite to obtaining a prescription renewal. *See, e.g.*, R. 212 (Trial Tr. Vol. VI at 105, 108) (Page ID #8342, 8345). Some of the doctors who worked at Patino's clinics considered the shots medically unnecessary. R. 210 (Trial Tr. Vol. III at 82–83) (Page ID #8049–50); R. 211 (Trial Tr. Vol. IV at 132) (Page ID #8211).

During the same time period, Patino's clinics submitted patients' urine samples for testing that was, in part, medically unnecessary. R. 210 (Trial Tr. Vol. III at 19–20, 84–86) (Page ID #7986–87, 8051–53); R.211 (Trial Tr. Vol. IV at 135) (Page ID #8214); R. 212 (Trial Tr. Vol. VI at 91–92) (Page ID #8328–29). Patino and the companies involved in performing the diagnostic testing shared the funds that Medicare ultimately paid for the unnecessary testing. R. 207 (Trial Tr. Vol. II at 23–26) (Page ID #7907–10); R. 210 (Trial Tr. Vol. III at 19–20) (Page ID #7986–87).

Over the course of the charged period, Patino's clinic submitted more than $108 million in claims to Medicare, for which Medicare paid $31.4 million. R. 221 (Trial Tr. Vol. VIII at 69–71) (Page ID #8789–91). Patino then spent this money on luxury goods, personal travel expenses, and promotion of his diet program. R. 212 (Trial Tr. Vol. VI at 74–75) (Page ID #8311–12); R. 221 (Trial Tr. Vol. VIII at 15–17, 41–46, 92–105) (Page ID #8735–37, 8761–66, 8812–25).

On September 22, 2021, the jury found Patino guilty on all six counts. R. 218 (Jury Verdict at 1–7) (Page ID #8702–08). Shortly thereafter, Patino's trial counsel filed a motion to withdraw

because there was "a breakdown in the attorney-client relationship." R. 222 (Mot. to Withdraw at 1–2) (Page ID #8909–10). Patino also submitted a pro se request for new counsel, stating that he "lost confidence" in trial counsel "due to 'ineffective Assistance of Counsel.'" R. 227 (Mot. for Counsel at 1) (Page ID #9183). After holding a hearing, the district court granted the motion for trial counsel to withdraw and appointed Patino new counsel. R. 230 (Dec. 3, 2021 Dist. Ct. Order at 1–2) (Page ID #9196–97).

On July 7, 2022, new counsel filed an emergency motion to extend the deadline for filing "post-trial motions" and to continue the sentencing date. R. 246 (Emergency Mot. to Cont. at 1) (Page ID #9467). The district court granted the motion and extended the deadline to file "Post-Trial Motions." R. 248 (July 14, 2022 Dist. Ct. Order). On August 11, 2022, the district court entered an order accepting a joint stipulation signed by Patino and the government that extended the deadline for Patino to file a "Motion for an Evidentiary Hearing and a New Trial Pursuant to Federal Rule 33(b)(1)." R. 249 (Stip. & Dist. Ct. Order at 1–2) (Page ID #9475–76).

On August 16, 2022, Patino moved for an evidentiary hearing and for a new trial under Rule 33(b)(1). R. 251 (Rule 33 Mot. at 1–3) (Page ID #9547–49). Patino argued that trial counsel was ineffective because he did not object to certain portions of each government witness's testimony, and he did not cross examine these witnesses based on information that Patino provided. R. 251 (Br. in Supp. of Rule 33 Mot. at 1–29) (Page ID #9550–78). Patino also argued that trial counsel was ineffective because he did not call as a witness Deborah Gamble, the office manager for one of the clinics, and trial counsel did not adequately communicate with Patino before and during the trial. *Id.* at 2, 29–31 (Page ID #9551, 9578–80).

The district court found that none of the information in Patino's motion could be considered "newly discovered evidence" for the purposes of Rule 33(b)(1) because Patino and trial counsel knew about this information before and during trial. R. 254 (Dec. 21, 2022 Dist. Ct. Order at 2–8) (Page ID #9602–08). Because the district court determined that Patino failed to submit any newly discovered evidence as required by Rule 33(b)(1), he was obligated to file the motion under Rule 33(b)(2). *Id.* at 8 (Page ID #9608). The district court then found that Patino's motion was time-barred under Rule 33(b)(2) because it was not filed within fourteen days of the verdict. *Id.* In light of this, the district court declined to hold an evidentiary hearing and denied the motion for a new trial. *Id.* at 8 (Page ID #9608).

Thereafter, the district court sentenced Patino to 198 months' imprisonment, ordered him to pay $29,562,769.43 in restitution to the U.S. Department of Health and Human Services and $786,029.25 in restitution to Blue Cross Blue Shield of Michigan, and ordered him to forfeit certain assets. R. 263 (J. at 2–3, 6, 9) (Page ID #9803–04, 9807, 9810); R. 268 (Am. J. at 2–3, 6, 9) (Page ID #9854–55, 9858, 9861).

## II. JURISDICTION

We have jurisdiction over Patino's appeal of the district court's final judgment under 28 U.S.C. § 1291. Although the Government asserts that Patino's notice of appeal was late, Federal Rule of Appellate Procedure 4(b)(1), which sets the deadline for filing a notice of appeal in a criminal case, is not jurisdictional. *See United States v. Berry*, 911 F.3d 354, 359 (6th Cir. 2018) ("[T]he timing requirements of Federal Rule of Appellate Procedure 4(b) are 'not jurisdictional' and . . . 'we are not required to dismiss late-filed criminal appeals unless the government has raised the issue . . . .'" (quoting *United States v. Gaytan-Garza*, 652 F.3d 680, 681

(6th Cir. 2011) (per curiam))). Because "the Government is not seeking to enforce Rule 4(b)'s time limitations in this case," Appellee Br. at 1 n.2, we proceed to address the parties' arguments.

## III. ANALYSIS

### A. Waiver

The Government contends that Patino waived any challenge to the district court's conclusion that he did not present any newly discovered evidence because he failed to fully develop this argument in his opening brief. Appellee Br. at 9–14. "It is a 'settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *Spirko v. Mitchell*, 368 F.3d 603, 612 (6th Cir. 2004) (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)); *see also United States v. Abboud*, 438 F.3d 554, 589 (6th Cir. 2006) ("An argument first presented to the Court in a reply brief is waived."). Although the Government's waiver argument is well-taken because Patino's appellate counsel failed to address in his opening brief the district court's determination that none of the evidence in his motion was newly discovered and failed even to cite the standard for a Rule 33(b)(1) motion, we need not resolve this case on the basis of waiver to affirm the district court's decision. *See Fryman v. Fed. Crop Ins. Corp.*, 936 F.2d 244, 251 (6th Cir. 1991) ("[W]hether or not the circumstances of a particular case justify deviation from the normal rule of waiver is left largely to the discretion of the appellate court."); *Blount-Hill v. Zelman*, 636 F.3d 278, 284 (6th Cir. 2011) (explaining that "we are free to affirm the judgment on any basis supported by the record" (quoting *Angel v. Kentucky*, 314 F.3d 262, 264 (6th Cir. 2002))). Accordingly, because we can affirm the district court based on the requirements of Rule 33, we decline to address the waiver issue.

**B. Rule 33**

We review for abuse of discretion the district court's decision to deny a Rule 33 motion, *United States v. Munoz*, 605 F.3d 359, 366 (6th Cir. 2010), and the district court's decision not to hold an evidentiary hearing before ruling on a motion for a new trial, *United States v. Bass*, 460 F.3d 830, 838 (6th Cir. 2006). "The district court abuses its discretion when it relies on clearly erroneous findings of fact, uses an erroneous legal standard, or improperly applies the law." *United States v. Soto*, 794 F.3d 635, 645 (6th Cir. 2015) (quoting *United States v. Dado*, 759 F.3d 550, 559 (6th Cir. 2014)).

Under Rule 33, a district court can "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "A violation of [a defendant's] Sixth Amendment right to effective assistance of counsel clearly meets this standard." *Munoz*, 605 F.3d at 373. Patino filed his motion for a new trial based on newly discovered evidence under Rule 33(b)(1). *See* R. 251 (Rule 33 Mot. at 1) (Page ID #9547) (titling the motion as brought "pursuant to Federal Rule 33(b)(1)" and arguing that he "is entitled to a new trial based upon newly discovered evidence from the trial transcripts, client interviews and related materials"). To prevail on a Rule 33 motion premised on newly discovered evidence, "a defendant must normally show that the evidence (1) was discovered only after trial, (2) could not have been discovered earlier with due diligence, (3) is material and not merely cumulative or impeaching, and (4) would likely produce an acquittal if the case were retried." *United States v. Dubrule*, 822 F.3d 866, 885 (6th Cir. 2016) (quoting *United States v. Garland*, 991 F.2d 328, 335 (6th Cir. 1993)).

"[E]vidence of ineffective assistance of counsel is not newly discovered evidence for purposes of a motion for new trial where the facts supporting the claim were within the defendant's knowledge at the time of trial." *United States v. Seago*, 930 F.2d 482, 489 (6th Cir. 1991); *see*

*also Munoz*, 605 F.3d at 367 (stating that an "ineffective-assistance claim . . . based on 'newly discovered evidence[]' . . . is foreclosed in this circuit" when the evidence was known to the defendant before or during trial (quoting *Seago*, 930 F.2d at 488–89)). Here, the district court did not abuse its discretion by denying Patino's Rule 33(b)(1) motion because the motion asserted explicitly that each basis of trial counsel's ineffectiveness was known to Patino before or during trial. R. 251 (Br. in Supp. of Rule 33 Mot. at 1–29) (Page ID #9553–79); *see Seago*, 930 F.2d at 489–90; *United States v. Pierce*, 62 F.3d 818, 825 (6th Cir. 1995) ("Evidence is not newly discovered when it is necessarily known by the defendant at the time of trial."). Indeed, on appeal, Patino repeatedly emphasizes that trial counsel's deficiencies were apparent during trial and that Patino had access to the information that could have improved trial counsel's performance. *See, e.g.*, Appellant Br. at 21–22 ("[I]t would be better for the resident expert Patino to explain the differences [between medical procedures], which he hoped to do."); *id.* at 23 ("Had Trial Counsel consulted Patino before trial or merely analyzed the line of questioning, the response would have been clear . . . ."). Therefore, the district court did not abuse its discretion because Patino has not identified any newly discovered evidence. R. 254 (Dec. 21, 2022 Dist. Ct. Order at 2–8) (Page ID #9602–08).

The district court also did not abuse its discretion when it declined to hold an evidentiary hearing. A defendant must "produce at least a modicum of evidence in support of a request for an evidentiary hearing on a motion for a new trial based on ineffective assistance of counsel." *United States v. Allen*, 254 F. App'x 475, 478 (6th Cir. 2007) (citing *Bass*, 460 F.3d at 838 ("The district court did not abuse its discretion by declining to grant [the defendant] an evidentiary hearing . . . because [the defendant] failed to proffer any evidence that his trial counsel rendered ineffective assistance.")). "The question of whether to decide a motion on the supporting evidence filed with

the motion or to hold an evidentiary hearing is within the discretion of the trial court." *United States v. O'Dell*, 805 F.2d 637, 643 (6th Cir. 1986).

Although Patino may have presented evidence[2] that could support a claim for ineffective assistance of counsel by identifying trial counsel's failure to object or present evidence during trial, Patino's Rule 33 motion presented no evidence that could be considered "new." *See* R. 251 (Br. in Supp. of Rule 33 Mot. at 1–29) (Page ID #9553–79); *Seago*, 930 F.2d at 489–90. Specifically, Patino's motion thoroughly outlined the reasons that he believed trial counsel was ineffective but did not identify any factual basis even to suggest that he was relying on newly discovered evidence. *Cf. United States v. White*, 492 F.3d 380, 413 (6th Cir. 2007) (finding that the district court abused its discretion when it declined to hold an evidentiary hearing because the evidence presented in the defendant's motion raised issues of fact such that, "absent more detailed examination," the court could not determine the merits of the motion); *United States v. Smith*, 749 F.3d 465, 493 (6th Cir. 2014) (finding that the district court did not abuse its discretion by declining to hold an evidentiary hearing because, "[i]n deciding the [defendants'] motions, the court benefitted from the parties' thorough presentation of the issues in their briefs"). Accordingly, we hold that the district court did not abuse its discretion by denying the motion for a new trial and by declining to hold an evidentiary hearing because, without any newly discovered evidence, Patino's motion was time-barred.[3]

---

[2]The government argues that trial counsel's assertions in the Rule 33 motion are not evidence. Appellee Br. at 21–22. Because Patino's motion identified specific portions of the trial record and because Patino's argument fails on other grounds, we will assume for the purposes of this opinion only that this is "evidence" in support of his request for a new trial.

[3]In circumstances such as this, Patino's appellate arguments on the merits of his ineffective-assistance-of-counsel claim are more appropriately brought in a 28 U.S.C. § 2255 motion. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003) ("[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance"

## IV.  CONCLUSION

We therefore **AFFIRM** the judgment of the district court.

---

because "[w]hen an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose.").